**Robert A. BLOOMER, Jr.,
Petitioner–Appellant,**

v.

**UNITED STATES of America,
Respondent–Appellee.**

No. 96–2531.

United States Court of Appeals,
Second Circuit.

Argued Jan. 26, 1998.

Decided Dec. 3, 1998.

---

Monica R. Jacobson, New York City, for Petitioner–Appellant.

David V. Kirby, Chief, Criminal Division, Rutland, Vermont (Charles R. Tetzlaff, United States Attorney, Gary G. Shattuck, Assistant United States Attorney, District of Vermont, Rutland, Vermont, of counsel), for Respondent–Appellee.

Before: CARDAMONE, CABRANES, and HEANEY* Circuit Judges

CARDAMONE, Circuit Judge:

This appeal by petitioner, Robert A. Bloomer, Jr., stems from an order entered on June 19, 1996 in the United States District Court for the District of Vermont (Murtha, C.J.), which adopted the report and recommendation of Magistrate Judge Jerome J. Niedermeier to deny petitioner's application for habeas corpus relief from his criminal conviction, pursuant to 28 U.S.C. § 2255. We earlier affirmed Bloomer's conviction for drug-related offenses on his direct appeal. He now collaterally attacks that conviction, claiming the jury charge given at his trial was infected with constitutional error, and that because his attorney did not object to such error, he did not receive the effective assistance of counsel.

Bloomer appears to have successfully established his ineffective assistance claim. However, our cases emphasize that generally an assertedly ineffective attorney should have an opportunity to be heard and to present evidence before being declared ineffec-

tive. This issue must therefore be remanded to the district court for such a hearing.

## BACKGROUND

### A. Trial Proceedings Leading to Conviction

In August 1991 Bloomer was indicted for conspiracy to manufacture and distribute methamphetamine, a controlled substance, and for the substantive crime of maintaining a facility for, and manufacturing and distributing the drug. He was represented by counsel at his April 1992 trial, in the United States District Court for the District of Vermont, before Judge Franklin S. Billings, Jr.

At the conclusion of the trial, the district court included in the charge the following instructions

> *To support a verdict of guilty, you need not find every fact beyond a reasonable doubt.* You need only find that the government has established by the evidence and beyond a reasonable doubt each and every essential element of the crime charged.
>
> *A reasonable doubt is a fair doubt, based upon the application of reason and common sense to the evidence presented.*
>
> The law does not require proof that overcomes all possible doubt. So *a reasonable doubt means only a substantial doubt.*
>
> . . . . .
>
> The law presumes that a defendant is innocent of the charges against him. The presumption of innocence last[s] throughout the trial and ends only if you, the jury, find beyond a reasonable doubt that the defendant is guilty.
>
> *Should the prosecution fail to prove the guilt of the defendant beyond a reasonable doubt, you may acquit the de-*

* Hon. Gerald W. Heaney, Senior Circuit Judge, U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

*fendant* on the basis of the presumption of innocence.

(emphasis added).

It bears underscoring that the trial court also advised the jurors—when the instructions were given originally and repeated later at the jury's request—that they could convict Bloomer only if the prosecution proved beyond a reasonable doubt each element of each crime. Neither party objected to these instructions. The jury ultimately convicted petitioner on all charges, and in December 1992 he was sentenced to an aggregate term of 121 months' imprisonment, followed by five years of supervised release.

Bloomer appealed his conviction on several grounds—not including the constitutionality of the jury instructions—using the same counsel on appeal as he had at trial. The government cross-appealed, challenging the calculation of petitioner's sentence. We affirmed the conviction, but remanded the case for resentencing. *See United States v. Spencer,* 4 F.3d 115 (2d Cir.1993). On remand, Judge Billings imposed a sentence of 188 months' imprisonment, followed by five years of supervised release. This sentence was affirmed in an unpublished summary order. *See United States v. Bloomer,* 43 F.3d 1457 (2d Cir.1994) (table).

### B. *Bloomer's First Habeas Petition*

Meanwhile, after our August 1993 decision in *Spencer,* Bloomer retained the same counsel and in December 1993 moved for habeas relief pursuant to 28 U.S.C. § 2255, alleging that jurors from the local area were deliberately excluded from the jury pool. The motion was denied in an order on January 12, 1994, and no appeal was taken from that order.

Nearly two years after the first petition was filed, we decided *United States v. Birbal,* 62 F.3d 456 (2d Cir.1995), *cert. denied,* —— U.S. ——, 118 S.Ct. 256, 139 L.Ed.2d 184 (1997), a case in which the same district judge who presided at Bloomer's trial gave jury instructions including the identical passages quoted above. In reversing defendants' convictions and ordering a new trial on the ground that the jury charge was constitutionally deficient, *see id.* at 465, we highlight-

ed four flaws in the instructions: (1) failure to inform the jury that "proof beyond a reasonable doubt" is proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his own affairs; (2) equating "reasonable doubt" with "substantial doubt"; (3) advising the jury that it "need not find every fact beyond a reasonable doubt" to support a guilty verdict; and (4) advising the jury that it "may" (rather than must) acquit if the government failed to prove guilt beyond a reasonable doubt. *See id.* at 460.

Four years earlier we had upheld a conviction where the same district court judge had given jury instructions tainted with only the first three deficiencies. *See United States v. Delibac,* 925 F.2d 610, 614 (2d Cir.1991) (per curiam). When the fourth element was included in the *Birbal* charge, we ruled that because the jury was given the unconstitutional option of convicting defendant on a lesser standard of proof than "beyond a reasonable doubt," the conviction must be set aside. *See* 62 F.3d at 460.

### C. *Bloomer's Second Habeas Petition*

On November 9, 1995 after *Birbal* had been decided, Bloomer again moved for habeas relief under § 2255. He filed this petition *pro se,* contending that the jury instructions denied him due process, violated his Sixth Amendment right to a jury verdict of guilty beyond a reasonable doubt, and, because his attorney failed to object to such instructions, that he had been denied the effective assistance of counsel.

The habeas application was referred to Magistrate Judge Jerome J. Niedermeier, who recommended it be denied on the grounds that petitioner had abused the writ by filing a second § 2255 motion raising claims not earlier presented in his first motion for such relief, and that petitioner had procedurally defaulted on the points raised in his second application by not raising them at trial, on appeal, or in his first petition. The magistrate judge additionally ruled that petitioner could not succeed in his ineffective assistance of counsel claim because he could

not establish the requisite prejudice resulting from his attorney's representation. Chief Judge J. Garvan Murtha adopted this report and recommendation, and, in an order entered on June 19, 1996 affirmed the magistrate judge's denial of petitioner's request for habeas relief.

Bloomer filed a notice of appeal, and moved this court for a certificate of appealability—a certificate that the district court had declined to issue—pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA). On February 26, 1997 we issued a certificate of appealability for the limited purpose of deciding his ineffective assistance claim. On January 12, 1998 we issued an order clarifying that, pursuant to *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 2067–68, 138 L.Ed.2d 481 (1997), and *United States v. Perez*, 129 F.3d 255, 260 (2d Cir. 1997), petitioner did not need a certificate of appealability to raise issues before us since he filed his § 2255 motion prior to the effective date of the AEDPA. As a result, we permitted Bloomer to brief any issue properly raised on appeal from the denial of his second petition for habeas relief. We turn now to those issues.

## DISCUSSION

 Because Bloomer's instant habeas petition raises a legal claim that Bloomer did not raise in either his direct appeal or in his first habeas petition, he would generally be required to show both *cause* for not earlier raising this issue and *prejudice* resulting from it. Failure to adequately present an argument in the initial proceedings (including direct appeal) is classified as procedural default, *see Murray v. Carrier*, 477 U.S. 478,

489, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), while failure to present an argument on an earlier collateral attack is characterized as "abuse of the writ," *see McCleskey v. Zant*, 499 U.S. 467, 488, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991). To excuse either, *see generally id.* at 493–94, 111 S.Ct. 1454, the petitioner is generally required to show (1) that "some objective factor external to the defense impeded counsel's efforts" to raise the claim at an earlier proceeding, *Murray*, 477 U.S. at 488, 106 S.Ct. 2639, and (2) " 'actual prejudice' resulting from the errors of which he complains." *United States v. Frady*, 456 U.S. 152, 168, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982).[1]

Bloomer argued below that he was entitled to habeas relief both because (1) the trial court's erroneous reasonable doubt instruction deprived him of a fair trial and (2) his trial attorney rendered ineffective assistance of counsel by failing to object to the erroneous instruction or challenge this instruction on direct review. However, on this appeal, Bloomer only presses his claim of ineffective assistance. Thus narrowed, Bloomer's claim is not subject to the cause-and-prejudice test that generally applies to claims that a petitioner has failed to raise in earlier proceedings.

 In *Billy–Eko v. United States*, 8 F.3d 111 (2d Cir.1993), we carved out a special exception for ineffective assistance claims raised in a § 2255 motion. We recognized that since many defendants are represented by the same attorney at trial and on direct appeal, it would be unrealistic to expect that attorney to identify and attempt to persuade an appellate court that he/she had committed

---

1. Although we decide this case on other grounds, it seems important to point out that the magistrate judge made an error in his analysis of the cause-and-prejudice test in the context of this case. The magistrate judge concluded that as a result of Bloomer's failure to show cause to excuse an asserted abuse of the writ, Bloomer could not show cause to excuse his procedural default since the standards were the same. Although the cause-and-prejudice test has the same meaning in the context of both an abuse of the writ and a procedural default, *see McCleskey*, 499 U.S. at 490, 493, 111 S.Ct. 1454, to say the outcome of the test will always be the same when applied in both contexts oversimplifies the similarities between the two doctrines (procedural default and abuse of the writ). To excuse a procedural default, ineffective assistance will constitute cause when it rises to a constitutional violation of a petitioner's Sixth Amendment right to have the effective assistance of counsel for his defense. *See Coleman v. Thompson*, 501 U.S. 722, 755, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). However, a petitioner has no right to the effective assistance of counsel when he collaterally attacks his conviction. *See McCleskey*, 499 U.S. at 495, 111 S.Ct. 1454. Thus, ineffective assistance of counsel does not constitute cause sufficient to excuse an abuse of the writ.

errors of a constitutional magnitude entitling the client to a new trial. *See id.* at 114. We were careful, however, not to adopt a *carte blanche* policy that would allow virtually every defendant to raise an ineffective assistance claim on collateral review. Thus, where the defendant is represented by new appellate counsel on direct appeal, and the ineffective assistance claim is based solely on the record developed at trial, the defendant is required to raise his claim on direct appeal. *See id.* at 115. Failure to do so will subject him to the cause-and-prejudice test, if the claim is raised subsequently in a habeas petition. *See id.*

Although *Billy–Eko* involved an ineffective assistance claim brought for the first time in an initial habeas petition, we have considered whether it applies when a second habeas petition is at issue. In *Douglas v. United States*, 13 F.3d 43, 48 (2d Cir.1993), we found claims of ineffective assistance raised neither on direct appeal nor in the petitioner's first § 2255 petition to be procedurally barred because the petitioner had new appellate counsel on direct appeal, and the record supporting these claims was fully developed at trial. We observed that the motivating factors that led to *Billy–Eko*, which involved a movant who failed to raise the ineffective assistance claim on direct appeal, did not lead to the same result where a movant, who fails first to bring the ineffective assistance claim in his initial § 2255 motion, seeks to bring it in a subsequent motion. *See id.*

■ Despite this observation, *Billy–Eko* applies to the instant appeal since *Douglas* also explains that while *Billy–Eko* was based on the notion that the same person serving as trial and appellate counsel would not raise ineffective assistance arguments, such notion is not persuasive in the context of a § 2255 motion, where the movant is less likely to retain trial counsel. *See id.* at 48. Bloomer, however, has defied the empirical expectation that we expressed in *Douglas*, by choosing his trial attorney to represent him in his initial § 2255 petition. Thus, Bloomer's second § 2255 motion was his first real opportunity to raise an ineffective assistance claim. It was not until then that his former counsel, the subject of his ineffective assistance claim,

no longer represented him. Hence, his circumstances are effectively the same as those of the petitioner in *Billy–Eko*, and likewise Bloomer should not be precluded from challenging counsel's shortcomings in this collateral proceeding. We hasten to emphasize, however, that our decision to hear Bloomer's ineffective assistance claim on the merits is limited to the facts of this particular case where petitioner retained the same counsel at trial and all subsequent proceedings, including his first habeas petition.

We recognize that Bloomer had no right to assistance of counsel (effective or otherwise) in presenting his initial habeas petition. *See McCleskey*, 499 U.S. at 495, 111 S.Ct. 1454; *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). However, under *Billy–Eko*, we need not find that appellate (or, by analogy, habeas) counsel was ineffective in failing to challenge the quality of the representation that he had rendered at trial. Rather, we effectively excuse the failure to raise that argument on appeal (or here on an initial § 2255 petition) due simply to counsel's inherent conflict of interest.

### A. The Merits of Bloomer's Claim

■ We review *de novo* a district court's decision to deny habeas relief on the merits of a petition. *See Nelson v. Walker*, 121 F.3d 828, 833 (2d Cir.1997). To succeed on his ineffective assistance claim, Bloomer must satisfy both elements of a two-prong test. He must show (1) that his counsel's performance was deficient and (2) that this deficient performance prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This test applies to challenges to the effectiveness of both trial and appellate counsel. *See Abdurrahman v. Henderson*, 897 F.2d 71, 74 (2d Cir.1990).

### 1. Was Counsel's Performance Deficient?

To determine whether an attorney's representation of a criminal defendant is deficient, courts apply "an objective standard of reasonableness," which includes a consideration of all the circumstances surrounding the attorney's actions. *Strickland*, 466 U.S. at 688,

104 S.Ct. 2052. In evaluating the evidence, courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689, 104 S.Ct. 2052.

 Despite this strong presumption, our review of the record suggests that the representation afforded by Bloomer's attorney fell short of being objectively reasonable. Although an attorney is not usually faulted for lacking the foresight to realize that a higher court will subsequently identify a defect in jury instructions similar to those used at his client's trial, *see, e.g., Gaston v. Whitley,* 67 F.3d 121, 123 (5th Cir.1995) (failing to object to a jury instruction in light of the state of the law is not deficient performance), *cert. denied,* 518 U.S. 1023, 116 S.Ct. 2561, 135 L.Ed.2d 1078 (1996); *Walker v. Jones,* 10 F.3d 1569, 1573 (11th Cir.1994) (characterizing as reasonable an attorney's failure to object to instructions since the state's courts had rejected similar claims, and the Supreme Court had yet to rule on the issue), an attorney nonetheless may be held responsible for failing to make such an objection when precedent supported a "reasonable probability" that a higher court would rule in defendant's favor. *Cf. Mayo v. Henderson,* 13 F.3d 528, 533–34 (2d Cir.1994) (involving failure to raise *Rosario* claim on appeal); *Claudio v. Scully,* 982 F.2d 798, 805 (2d Cir.1992) (involving failure to rely on New York constitutional law during a pretrial appeal of an order declining to suppress defendant's confession). We focus our attention therefore on the state of the law as it existed at the time of Bloomer's trial and appeal.

In *Delibac,* even though we held that the three deficiencies in the district court's jury instructions were constitutionally sufficient, we did note that "[o]nce again, a district court has failed to heed our repeated warnings against embellishing upon the standard instruction." 925 F.2d at 614. In *Birbal,* where we reviewed the jury instructions for plain error, we commented that "while the [first three] errors in [the same district court's] reasonable-doubt instruction may not have been 'obvious' at the time we took note of them in *Delibac,* our identification of them as error at that time certainly made them

'obvious' thereafter." 62 F.3d at 463. *Delibac* was decided in February 1991—14 months before Bloomer's criminal trial.

In addition, we held in *Birbal* that the charge encountered "obvious" error in instructing jurors that they "may" rather than "must" acquit if the prosecution failed to prove guilt beyond a reasonable doubt:

> Since [*In re*] *Winship* [, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970) ], few elements of due process have been clearer than the necessity of informing the jury that, to convict, it must find each defendant guilty beyond a reasonable doubt of every element charged.

*Birbal,* 62 F.3d at 463. Consequently, we are troubled by the failure of Bloomer's attorney to object at trial to any of these clear and previously identified errors.

Even were we to conclude that defense counsel acted reasonably at trial, we would be faced with serious concerns about his representation on direct appeal. As noted above, the errors in the jury charge were clearly established in Supreme Court and Second Circuit precedent. While the instructions given at trial were oral, the record on appeal captured them in print, and no reasonable explanation has been advanced as to why petitioner's attorney failed to recognize the problems on direct appeal and seek plain error review.

 Further, the presumption of reasonableness afforded an appellate attorney can be overcome if he neglected to raise significant and obvious issues while pursuing substantially weaker ones. *See Mayo,* 13 F.3d at 533. In the instant case, petitioner's counsel raised a number of challenges on direct appeal that lacked merit, including challenges to the sufficiency of the evidence, various evidentiary rulings,. and the district court's denial of Bloomer's motion for a new trial based on newly-discovered evidence. *See Spencer,* 4 F.3d at 118. In the circumstances presented there, these claims had little chance of success because of the great deference afforded the jury's verdict and the wide discretion possessed by the district court on the other issues. Moreover, that the defects in the jury instructions were not

only "obvious" according to *Birbal*'s plain error review, but also would have resulted in a reversal, suggests that the attorney's failure to raise an objection falls below an objective standard of reasonable professional conduct.

This view of the record comports with the principles underlying *Strickland.* As the Supreme Court stated, "[t]he purpose [of the effective assistance guarantee of the Sixth Amendment] is simply to ensure that criminal defendants receive a fair trial." 466 U.S. at 689, 104 S.Ct. 2052. Despite the deference owed counsel for strategic decisions, it seems unlikely that Bloomer received a fair trial when his attorney never questioned the validity of jury instructions that were clearly constitutionally deficient.

In conclusion, the materials before us suggest that Bloomer received constitutionally ineffective assistance of counsel in his previous proceedings. However, our cases require that "except in highly unusual circumstances," the assertedly ineffective attorney should be afforded "an opportunity to be heard and to present evidence, in the form of live testimony, affidavits, or briefs." *Sparman v. Edwards,* 154 F.3d 51, 52 (2d Cir. 1998); *see United States v. Dukes,* 727 F.2d 34, 41 n. 6 (2d Cir.1984). There is no indication in the record that Bloomer's previous counsel was given such an opportunity. Hence, we remand to the district court to allow Bloomer's previous counsel an opportunity to be heard, and subsequently to make a finding in the first instance as to Bloomer's claim of ineffective assistance.

### 2. Did Petitioner Suffer Prejudice From Counsel's Assertedly Deficient Performance?

A defendant cannot succeed on an ineffective assistance claim unless he can show that a reasonable probability exists that, but for counsel's deficient performance, the result of his proceeding would have been different. *See Strickland,* 466 U.S. at 694, 104 S.Ct. 2052. In other words, "the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695, 104 S.Ct. 2052.

■ But we will presume prejudice when a jury instruction on reasonable doubt is found to be constitutionally deficient. *See Birbal,* 62 F.3d at 461. Harmless error analysis is inappropriate in such circumstances because "[t]here being no jury verdict of guilty-beyond-a-reasonable-doubt, the question whether the *same* verdict of guilty-beyond-a-reasonable-doubt would have been rendered absent the constitutional error is utterly meaningless." *Sullivan v. Louisiana,* 508 U.S. 275, 280, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993). While the *Sullivan* analysis originates in cases directly reviewing jury instructions, rather than in ineffective assistance cases based on a failure to object to defective jury instructions, the force of its reasoning and its conclusion apply equally here.

■ Although the government concedes that the jury charge given at Bloomer's trial contains the same language with which we found fault in *Birbal,* it argues that Bloomer was not prejudiced because the error was ameliorated by the numerous times (at least 17) where the original district judge gave proper reasonable doubt instructions. For that reason, the government continues, any reasonable probability that the jury convicted petitioner using the wrong standard was eliminated. We rejected a similar argument in *Birbal,* where we stated that the erroneous instruction was "only partially ameliorated by the court's correct [reasonable doubt] instruction several sentences earlier." 62 F.3d at 460. Because the conflicting instructions "must have left the jury uncertain of the standard it was charged with applying," we held that such a jury "was insufficiently prepared to carry out its constitutional mandate to resolve all reasonable doubts before adjudging the defendants guilty." *Id.* Significantly, none of the district court's correct reasonable doubt instructions in the instant case was styled as a "curative" instruction that would alert the jurors that they should disregard the incorrect instruction. Accordingly, we do not find that the correct instructions—however numerous they may be—suffice to overcome the damage done by the district court's conflicting, incorrect instruction.

Finding that the reasonable doubt instructions given at petitioner's trial were infected with the same constitutional deficiencies as those identified in *Birbal,* we conclude Bloomer suffered prejudice from his counsel's failure to object to these instructions or to challenge them on appeal regardless of the strength and quantity of evidence against him. As a consequence, if on remand the district court concludes that Bloomer's previous counsel's performance was deficient, Bloomer will succeed on his ineffective assistance claim.

## CONCLUSION

Accordingly, for the reasons stated, we vacate the order of the district court denying petitioner's application for habeas corpus relief under 28 U.S.C. § 2255. We remand the case to the district court to first hear Bloomer's former counsel, and then to make a finding in the first instance as to Bloomer's claim of ineffective assistance. If the district court finds that the performance of Bloomer's previous counsel was constitutionally ineffective, the district court shall grant the § 2255 petition for habeas relief, and having granted that relief, the district court shall reverse petitioner Bloomer's conviction and grant him a new trial.