Frederick W. McKEE, Petitioner–
Appellee–Cross–Appellant,

v.

UNITED STATES of America,
Respondent–Appellant–
Cross–Appellee.

Docket Nos. 97–2671(L), 97–2711.

United States Court of Appeals,
Second Circuit.

Argued Sept. 17, 1998.

Decided Feb. 2, 1999.

Ian Weinstein, New York, NY, for Petitioner–Appellee–Cross–Appellant.

David V. Kirby, Chief, Criminal Division (Charles R. Tetzlaff, U.S. Attorney for District of Vermont, Gary G. Shattuck, Asst. U.S. Atty., Rutland, VT, on the brief), for Respondent–Appellant–Cross–Appellee.

Before: KEARSE, Circuit Judge, and BRIEANT * and JOHNSON **, District Judges ***.

KEARSE, Circuit Judge:

These appeals focus on two aspects of an order of the United States District Court for the District of Vermont, J. Garvan Murtha, *Chief Judge*, ruling on motions by petitioner Frederick W. McKee pursuant to 28 U.S.C. § 2255 to vacate his conviction or, alternatively, to reduce his 20–year sentence. Both of the district court's rulings must be vacated in light of more recent decisions of this Court. Respondent United States appeals from so much of the district court's order as granted McKee's motion for a reduction in sentence on the ground that the sentence had been enhanced on a basis ruled impermissible in *United States v. Collado*, 106 F.3d 1097 (2d Cir.1997) (*"Collado"*). Because *Collado* was overruled by this Court in *United States v. Ortiz*, 143 F.3d 728, 729 (2d Cir.), *cert. denied,* —— U.S. ——, 119 S.Ct. 252, 142 L.Ed.2d 207 (1998), we reverse the ruling that McKee was entitled to a reduction in sentence. McKee cross-appeals from so much of the district court's order as denied his motion to set aside his conviction on the ground that his Sixth Amendment right to effective assistance of counsel was violated by the failure of his prior attorney to challenge, on direct appeal, the trial court's instructions to the jury as to the government's burden of proof and the jury's obligation to acquit if the government failed to meet its burden. The district court ruled that the instructions as a whole were adequate, that an appellate challenge would not have resulted in a reversal, and that McKee thus did not show that counsel's failure prejudiced him. In light of our recent decision in *Bloomer v. United States,* 162 F.3d 187 (2d Cir.1998), holding that the failure on direct appeal to challenge jury instructions containing errors identical to those at issue here was prejudicial, we vacate so much of the district court's order as denied McKee's motion to set aside his conviction, and we remand for further exploration of the level of counsel's performance in accordance with the standard set by *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (*"Strickland"*).

## I. BACKGROUND

In 1991, McKee was indicted and tried on several counts of unlawful trafficking in controlled substances, in violation of 21 U.S.C. §§ 841 and 846, and 18 U.S.C. § 2. At his trial before Judge Franklin S. Billings, Jr., the charge to the jury included the following instructions:

> To support a verdict of guilty, you need not find every fact beyond a reasonable doubt. You need only find that the government has established by the evidence and beyond a reasonable doubt each and every essential element of the crime charged.
>
> A reasonable doubt is a fair doubt, based upon the application of reason and common sense to the evidence presented. The law does not require proof that overcomes all possible doubt. So *a reasonable doubt means only a substantial doubt* ....

.　　.　　.　　.　　.

---

\* Honorable Charles L. Brieant, of the United States District Court for the Southern District of New York, sitting by designation.

\*\* Honorable Sterling Johnson, Jr., of the United States District Court for the Eastern District of New York, sitting by designation.

\*\*\* Pursuant to 28 U.S.C. § 46(b) and an order of the Chief Judge of this Court certifying a judicial emergency, this case was heard by an emergency panel consisting of one judge from this Court and two judges of the United States District Court sitting by designation.

The law presumes that a defendant is innocent of the charges against him. The presumption of innocence lasts throughout the trial and ends only if you, the jury, find beyond a reasonable doubt that the defendant is guilty. Should the prosecution fail to prove the guilt of the defendant beyond a reasonable doubt, you *may* acquit the defendant on the basis of the presumption of innocence.

(Trial Transcript, December 12, 1991, at 13–14 (emphasis added).) There was no objection to these instructions. McKee was convicted on all counts.

Although the imprisonment range recommended by the Sentencing Guidelines ("Guidelines") would ordinarily have been 168–210 months, the government had served an information pursuant to 21 U.S.C. § 851 prior to trial, requesting that McKee, if convicted, be given increased punishment because of his prior conviction of a narcotics felony in California. Following the jury's verdict, the district court enhanced McKee's sentence pursuant to the § 851 information, imposing a prison term of 20 years. *See* 21 U.S.C. § 841(b); Guidelines § 5G1.1(b).

On appeal, represented by new counsel, McKee challenged, *inter alia*, the enhancement of his sentence, arguing that § 851 was not applicable if the charges leading to the prior conviction were not prosecuted pursuant to an indictment, and pointing out that his California offense was prosecuted instead pursuant to an information. Counsel did not, however, argue that there was any error in the trial court's instructions to the jury. We found no merit in any of the arguments advanced, and we affirmed. *See United States v. Harwood*, 998 F.2d 91, 93 (2d Cir. 1993), *cert. denied*, 510 U.S. 1077, 114 S.Ct. 893, 127 L.Ed.2d 86 (1994).

In 1996, after another change of counsel, McKee moved pursuant to 28 U.S.C. § 2255 to vacate his conviction on the ground that he had received ineffective assistance of counsel on his direct appeal because his attorney had not challenged the trial court's reasonable-doubt instructions. McKee argued that the jury charge "incorrectly defined the key concept of proof beyond a reasonable doubt" and that it "nullified the required verdict of guilt beyond a reasonable doubt by instructing jurors that they 'may' rather than 'must' acquit if they had a reasonable doubt." (Petition for Writ of Habeas Corpus dated July 3, 1996 at 3.) In addition, following our January 1997 decision in *Collado*, in which we vacated a sentence enhancement based on a prior felony conviction because the felony had not been prosecuted following an indictment or a waiver of indictment, *see* 106 F.3d at 1103, McKee amended his petition to request, alternatively, a sentence reduction, renewing arguments made on his direct appeal.

In a decision dated August 1, 1997 ("District Court Decision"), the district court granted McKee's request for resentencing on the basis of *Collado*. It denied, however, McKee's petition to vacate his conviction on the basis of ineffective assistance of counsel, concluding that McKee had failed to establish the second prong of the test established by *Strickland*, *i.e.*, that a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that he suffered prejudice in the sense that there was a reasonable probability that, but for the deficiency, the outcome of the proceeding would have been different. *See* 466 U.S. at 687–96, 104 S.Ct. 2052.

As to the level of counsel's performance, the district court noted that the instructions here challenged by McKee have been held to constitute plain error, *see United States v. Birbal*, 62 F.3d 456, 463 (2d Cir.1995), *cert. denied*, —— U.S. ——, 118 S.Ct. 256, 139 L.Ed.2d 184 (1997), and that most of these instructions had previously been criticized by this Court in *United States v. Delibac*, 925 F.2d 610, 614 (2d Cir.1991) (per curiam), some 10 months prior to McKee's trial. The court concluded that, in light of these precedents, the performance of McKee's first appellate counsel was constitutionally deficient.

The district court ruled, however, that McKee had failed to establish prejudice because the instructions as a whole were adequate, and an appellate challenge to the flawed instructions thus would not have led to a reversal:

> The Court finds Petitioner has not shown a reasonable likelihood the jury

would have failed to understand the correct standards for conviction despite the infirm jury charge.... [T]he Court instructed the jury numerous times on the government's burden to prove the defendants guilty beyond a reasonable doubt. The instructions also emphasized that the jury must find the defendants not guilty if the government failed to carry its burden. As in *Delibac,* an appeal of the instruction in this case would likely have drawn a rebuke from the Second Circuit, but the instruction as a whole "adequately convey[ed] the concept of reasonable doubt." *Delibac,* 925 F.2d at 614.

District Court Decision at 10. An order was entered accordingly, denying McKee's motion to set aside his conviction, but granting his motion to reduce his sentence.

The government has appealed from so much of the district court's order as ruled that McKee is entitled to a sentence reduction on the basis of *Collado.* Because *Collado* was expressly overruled in *United States v. Ortiz,* 143 F.3d at 729, the basis for the district court's sentence-reduction decision has been eliminated, and we accordingly reverse that part of the district court's order.

We need discuss further only McKee's cross-appeal.

## II. DISCUSSION

McKee contends that the district court erred in concluding that he was not prejudiced by the failure of his appellate counsel to challenge the trial court's incorrect definition of reasonable doubt and its incorrect statement that the jury could convict even if there was a reasonable doubt. The government opposes the cross-appeal, contending both that the district court's finding of no prejudice was correct and that the district court erred in concluding that the performance of McKee's appellate counsel was less than objectively reasonable. In light of our recent decision in *Bloomer v. United States,* 162 F.3d 187 (*"Bloomer"*), we conclude that McKee has established prejudice, and we remand for further proceedings in accordance with the *Strickland* standard as to the level of counsel's performance.

### A. *The* Strickland *Standard*

■ To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must establish two elements: (1) that counsel's performance "fell below an objective standard of reasonableness," *Strickland,* 466 U.S. at 688, 104 S.Ct. 2052, and (2) that there is a "reasonable probability" that, but for the deficiency, the outcome of the proceeding would have been different, *id.* at 694, 104 S.Ct. 2052. The same standard applies to a review of the effectiveness of appellate counsel. *See, e.g., See Mayo v. Henderson,* 13 F.3d 528, 533 (2d Cir.), *cert. denied,* 513 U.S. 820, 115 S.Ct. 81, 130 L.Ed.2d 35 (1994).

■ As to the reasonableness of counsel's performance, it does not suffice "for the habeas petitioner to show merely that counsel omitted a nonfrivolous argument." *Mayo v. Henderson,* 13 F.3d at 533. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052. Actions or omissions by counsel that " 'might be considered sound trial strategy' " do not constitute ineffective assistance, *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052 (quoting *Michel v. Louisiana,* 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955)), and a court "may not use hindsight to second-guess" counsel's tactical choices, *Mayo v. Henderson,* 13 F.3d at 533; *see Lockhart v. Fretwell,* 506 U.S. 364, 372, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). A petitioner may rebut the suggestion that the challenged conduct reflected merely a strategic choice, however, by showing that counsel "omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." *Mayo v. Henderson,* 13 F.3d at 533.

■ "In evaluating the prejudice component of *Strickland,* a court must determine whether, absent counsel's deficient performance, there is a reasonable probability that the outcome of the proceeding would have been different." *Id.* at 534. Unlike the performance determination, the prejudice analy-

sis may be made with the benefit of hindsight. *See, e.g., Lockhart v. Fretwell,* 506 U.S. at 372, 113 S.Ct. 838; *Mayo v. Henderson,* 13 F.3d at 534. The fact that precisely the same claim was successful on an appeal pursued by a similarly situated litigant is a strong indication that the failure of the petitioner's counsel to press that claim was prejudicial, for "[a]n assessment of the likelihood of a result more favorable to the defendant must exclude the possibility of arbitrariness, whimsy, caprice, 'nullification,' and the like," *Strickland,* 466 U.S. at 695, 104 S.Ct. 2052; *see, e.g., Mayo v. Henderson,* 13 F.3d at 536 ("Given the fact that both Mayo and his codefendant properly objected to the . . . violation [of the prosecutor's disclosure obligation] at trial and the fact that by raising the issue on appeal the codefendant obtained a new trial, there was at the very least a reasonable probability that, had Mayo's attorney raised that issue on appeal, Mayo too would have been granted a new trial.").

B. *Application of* Strickland *to* Bloomer *in Light of* Birbal

In *Bloomer,* 162 F.3d 187, we applied these principles to proceedings similar to those at issue here. Bloomer was tried in April 1992 before the same judge who had conducted the trial of McKee in December 1991. The jury instructions given in *Bloomer* included language identical to that given in the present case, quoted in Part I above:

> To support a verdict of guilty, you need not find every fact beyond a reasonable doubt. You need only find that the government has established by the evidence and beyond a reasonable doubt each and every essential element of the crime charged.
>
> A reasonable doubt is a fair doubt, based upon the application of reason and common sense to the evidence presented. The law does not require proof that overcomes all possible doubt. So a reasonable doubt means only a substantial doubt.

. . . . .

The law presumes that a defendant is innocent of the charges against him. The presumption of innocence last[s] through-

out the trial and ends only if you, the jury, find beyond a reasonable doubt that the defendant is guilty.

> Should the prosecution fail to prove the guilt of the defendant beyond a reasonable doubt, you may acquit the defendant on the basis of the presumption of innocence.

162 F.3d at 189–90 (quoting trial transcript; emphasis and brackets in *Bloomer* ). Bloomer's counsel did not object to the instructions; nor did he challenge them on appeal. In *Bloomer,* we noted that these instructions were held in *United States v. Birbal,* 62 F.3d 456 ("*Birbal* "), to constitute plain error. The four defects highlighted were

(1) failure to inform the jury that "proof beyond a reasonable doubt" is proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his own affairs; (2) equating "reasonable doubt" with "substantial doubt"; (3) advising the jury that it "need not find every fact beyond a reasonable doubt" to support a guilty verdict; and (4) advising the jury that it "may" (rather than must) acquit if the government failed to prove guilty beyond a reasonable doubt. (*See [Birbal,* 62 F.3d] at 460).

*Bloomer,* 162 F.3d at 190. We further observed that the first three of these errors had been criticized in *United States v. Delibac,* 925 F.2d at 614 ("*Delibac* "), some 14 months prior to Bloomer's trial, and that while these errors " 'may not have been 'obvious' at the time we took note of them in *Delibac,* our identification of them as error at that time certainly made them 'obvious' thereafter.' " *Bloomer,* 162 F.3d at 193 (quoting *Birbal,* 62 F.3d at 463). In addition, we noted in *Bloomer* that the fourth defect, *i.e.,* the statement that if the government fails to prove guilt beyond a reasonable doubt the jury "may" acquit rather than "must" acquit, was an error that was "obvious." 162 F.3d at 193. We concluded that, "[d]espite the deference owed counsel for strategic decisions, it seems unlikely that Bloomer received a fair trial when his attorney never questioned the validity of jury instructions

that were clearly constitutionally deficient." *Id.* at 194.

The *Bloomer* panel noted that these errors were not cured by the fact that the district court had correctly informed the jury "at least 17" times, *id.,* that the government was required to prove the elements of each offense beyond a reasonable doubt:

> Significantly, none of the district court's correct reasonable doubt instructions in the instant case was styled as a "curative" instruction that would alert the jurors that they should disregard the incorrect instruction. Accordingly, we do not find that the correct instructions—however numerous they may be—suffice to overcome the damage done by the district court's conflicting, incorrect instruction.

*Id.* Since "the reasonable doubt instructions given at [Bloomer's] trial were infected with the same constitutional deficiencies as those identified in *Birbal,*" which even under plain-error analysis required reversal and a new trial, we concluded that "Bloomer suffered prejudice from his counsel's failure to object to these instructions or to challenge them on appeal regardless of the strength and quantity of evidence against him." *Id.* at 195.

Finally, although we concluded that Bloomer "appear[ed] to have successfully established his ineffective assistance claim," *id.* at 189, we noted that, "except in highly unusual circumstances," the attorney whose performance is challenged should be afforded " 'an opportunity to be heard and to present evidence, in the form of live testimony, affidavits, or briefs.' " *Id.* at 194 (quoting *Sparman v. Edwards,* 154 F.3d 51, 52 (2d Cir. 1998)). Because there was no indication in the record that Bloomer's attorney had been given such an opportunity, we remanded for the district court to take evidence from the attorney and to make a finding as to whether her performance was constitutionally defective rather than the result of a strategic choice.

### C. The Present Case

■ The present case is, in all material respects, indistinguishable from *Bloomer.* The identical errors were made in instructing the jury on reasonable doubt in the trials of Bloomer, McKee, and Birbal; all three trials took place after our decision in *Delibac,* which had pointed out three of the four errors in those instructions; in all three trials, the trial court made the additional "obvious" error of stating that upon a finding of reasonable doubt the jury "may," rather than "must," acquit; and in none of the three cases did the defendant's trial attorney object. In the direct appeal in *Birbal,* counsel's challenge to these instructions resulted in a reversal and an order for a new trial.

The district court in the present case, in concluding that McKee had not established prejudice, erred by focusing principally on the fact that we did not reverse the conviction in *Delibac. Delibac* concerned only the first three of the four errors highlighted. Although *Delibac* was significant, since it should have alerted counsel to most of the defects, the more appropriate frame of reference for analysis of the prejudice question was *Birbal,* which dealt with instructions that were in all material respects identical to those here challenged by McKee. Given the identically defective language of the instructions, we must conclude that there is at the very least a reasonable probability that if McKee's counsel had challenged them on direct appeal as did Birbal's counsel, McKee, like Birbal, would have won a new trial.

Accordingly, we conclude that McKee has established that the failure of his prior appellate counsel to challenge the reasonable-doubt instructions on direct appeal caused him prejudice within the meaning of *Strickland.* We therefore vacate so much of the district court's order as denied McKee's petition to set aside his conviction.

■ Here, as in *Bloomer,* however, we see no indication that McKee's first appellate counsel was afforded an opportunity to be heard and to present evidence regarding his reason for not challenging the district court's reasonable-doubt instructions on the direct appeal. Accordingly, we remand for the district court to conduct a hearing and make a finding on that question. If the court finds that the failure to raise that issue on direct appeal was the result of defective performance rather than strategy, it should grant

McKee's § 2255 petition, set aside his conviction, and order a new trial.

### CONCLUSION

For the foregoing reasons, we reverse so much of the district court's order as granted McKee's motion for resentencing. We vacate so much of the order as denied McKee's motion to vacate his conviction, and we remand for further proceedings not inconsistent with this opinion.