**James BROWN, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**Docket No. 98–2155**

United States Court of Appeals, Second Circuit.

Argued Dec. 9, 1998.

Decided Feb. 2, 1999.

Ian Weinstein, New York, New York, for Petitioner-Appellant,

William B. Darrow, Assistant United States Attorney, Burlington, Vermont (Charles R. Tetzlaff, United States Attorney for the District of Vermont, David V. Kirby, Chief, Criminal Division, Burlington, Vermont on the brief), for Respondent–Appellee.

Before: KEARSE, WALKER, and STRAUB, Circuit Judges.

KEARSE, Circuit Judge:

Petitioner James Brown, convicted of various narcotics and firearms offenses following a jury trial before Franklin S. Billings, Jr., *Judge*, appeals from so much of an order of the United States District Court for the District of Vermont, William K. Sessions III, *Judge*, as denied his motion pursuant to 28 U.S.C. § 2255 to vacate his conviction on the ground that he was denied effective assistance of counsel when the attorney representing him on direct appeal from his conviction failed to challenge the trial court's instructions to the jury as to the government's burden of proof. Applying the *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), test for a claim of ineffective assistance of counsel, *i.e.*, that a petitioner must show (1) that counsel's performance fell below an objective

standard of reasonableness, and (2) that the petitioner suffered prejudice in the sense that there was a reasonable probability that, but for the deficiency, the outcome of the proceeding would have been different, *see id.* at 687–96, 104 S.Ct. 2052, the district court denied the motion on the ground that Brown failed to establish prejudice. For the reasons that follow, we reverse.

■ The instructions challenged in Brown's § 2255 petition were, in all material respects, identical to those considered by this Court in several other cases, *see McKee v. United States,* 167 F.3d 103 (2d Cir.1999) ("*McKee*"), decided today; *Bloomer v. United States,* 162 F.3d 187 (2d Cir.1998) ("*Bloomer*"); and *United States v. Birbal,* 62 F.3d 456 (2d Cir.1995) ("*Birbal*"), *cert. denied,* — U.S. —, 118 S.Ct. 256, 139 L.Ed.2d 184 (1997). The challenged reasonable-doubt instructions are quoted in each of those cases, *see, e.g., Bloomer,* 162 F.3d at 189–90; *Birbal,* 62 F.3d at 459, familiarity with which is assumed, and will not be repeated here. The instructions, given by the same trial judge in all of these cases, were "clearly" and "obvious[ly]" "constitutionally deficient," *see, e.g., Bloomer,* 162 F.3d at 193–94; but in none of the cases were the instructions objected to at trial. In *Birbal,* on direct appeal from the judgment of conviction, we found the instructions to be plain error, and we vacated the conviction and remanded for a new trial. In *Bloomer* and *McKee,* counsel failed to challenge the instructions on direct appeal, and the issue was first raised by each defendant in a § 2255 petition asserting that, because of that failure, the defendant had received ineffective assistance of counsel on direct appeal. In those two cases, we concluded that since the errors were identical to those that led us to reverse on direct appeal in *Birbal,* Bloomer and McKee had suffered prejudice within the meaning of the *Strickland* standard when their attorneys failed to challenge those errors on direct appeal.

*Bloomer* was decided shortly before oral argument of the present appeal. At oral argument, the government, although not endorsing the result in *Bloomer,* conceded that the present case is not materially distinguishable from *Bloomer.* We agree, and we conclude, for the reasons stated in *Bloomer* and *McKee,* that the district court in the present case erred in ruling that Brown failed to meet the "prejudice" prong of the *Strickland* test.

■ In order to prevail, however, Brown is required also to establish that counsel's performance fell below an objective standard of reasonableness. Actions or omissions by counsel that " 'might be considered sound ... strategy' " do not constitute ineffective assistance, *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052 (quoting *Michel v. Louisiana,* 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955)); but ineffective assistance may be found where counsel "omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker," *Mayo v. Henderson,* 13 F.3d 528, 533 (2d Cir.), *cert. denied,* 513 U.S. 820, 115 S.Ct. 81, 130 L.Ed.2d 35 (1994).

In *Bloomer* and *McKee,* we noted that there had been no opportunity for the defendants' prior attorneys to explain their failures to challenge the erroneous instructions on direct appeal, and we remanded to the district court for further proceedings to determine whether those failures were the result of defective performance or of strategy. No such remand is required in the present case, however, in light of the record on Brown's direct appeal, which includes an explanation by counsel negating the possibility that the omission was a strategic choice. On that appeal, Brown was represented by new counsel, an attorney from The Legal Aid Society. The issues raised in the appellate briefs were that the district court erred in refusing to suppress certain evidence and in determining Brown's sentence. The briefs did not include any challenge to the trial court's jury charge on reasonable doubt. The appeal was argued in March 1994. Some six months later, while the appeal was still *sub judice,* Brown's attorney moved to file a supplemental appellate brief in order to challenge the reasonable-doubt instructions. In support of the motion, he submitted a declaration stating that he had just learned some six days earlier that the supervising attorney of Legal Aid's Federal Defender

Division, was filing a brief in *Birbal*, making a due process challenge to the instructions given by the trial court on reasonable doubt and the presumption of innocence. Brown's attorney stated that following his conversation with his supervisor, he promptly "reviewed Judge Billings' reasonable doubt and presumption of innocence instructions in Mr. Brown's trial and discovered that they [we]re almost identical to the instructions in *Birbal*." The government objected that the motion was untimely; we denied it and ultimately affirmed Brown's conviction and sentence. *See United States v. Brown*, 52 F.3d 415, 417 (2d Cir.1995), *cert. denied*, 516 U.S. 1068, 116 S.Ct. 754, 133 L.Ed.2d 701 (1996).

Although it may be argued that Brown's attorney did not pursue solely issues that were weak, given that one of his arguments resulted in a dissenting opinion, *see id.* at 428 (Kearse, *J.*, dissenting from affirmance of denial of motion to suppress), the obvious errors in the trial court's reasonable-doubt instructions plainly provided a stronger appellate issue. And the representations made by the attorney in support of the motion for leave to file a supplemental brief challenging those instructions reveal that, in determining what issues to argue on appeal, he either had not reviewed the trial court's instructions or he had reviewed them and had not recognized the obvious errors. Whichever the reason, his failure to timely challenge the instructions plainly was not the result of strategy but was the result of performance that fell below an objective standard of reasonableness.

In light of this record, we see no need to remand for further proceedings as to Brown's claim of ineffective assistance of his prior appellate counsel.

## CONCLUSION

The order of the district court denying Brown's petition to vacate his conviction is reversed. The matter is remanded for a new trial or for such other proceedings as are not inconsistent with this opinion.