**UNITED STATES of America,**
**Appellee,**

v.

**Elibado CAICEDO–ZAMORA,**
**Defendant–Appellant.**

No. 03–1110.

United States Court of Appeals,
Second Circuit.

May 5, 2004.

Andrea G. Hirsch, New York, New York, for Appellant.

Gary Stein, Assistant United States Attorney, Southern District of New York (David N. Kelley, United States Attorney; Daniel R. Margolis, Assistant United States Attorney), New York, New York, for Appellee, of counsel.

Present: RAGGI, WESLEY, Circuit Judges, and STEIN,[1] District Judge.

## SUMMARY ORDER

UPON DUE CONSIDERATION, it is HEREBY ORDERED, ADJUDGED, AND DECREED that the district court's judgment entered on February 27, 2003, is AFFIRMED.

Defendant–Appellant Elibado Caicedo–Zamora, who pleaded guilty on October 4, 2002, to illegal reentry into the United States after deportation subsequent to conviction for an aggravated felony, *see* 8 U.S.C. § 1326(a), now appeals from that part of his judgment of conviction sentencing him to thirty-six months' incarceration. Caicedo–Zamora asserts that his trial counsel was constitutionally ineffective in moving for a downward departure of twenty-five months based on government delay in commencing his prosecution, *see United States v. Los Santos,* 283 F.3d 422, 428–29 (2d Cir.2002), without arguing in the alternative for a lesser departure on the same ground. We reject the argument as without merit.

Preliminarily, we note that the Supreme Court has recently reminded us that ineffectiveness challenges to the performance of trial counsel are generally better heard under 28 U.S.C. § 2255 rather than on direct appeal because the district court is

---

1. The Honorable Sidney H. Stein of the United States District Court for the Southern District of New York, sitting by designation.

better able "to develop[ ] the facts necessary to determining the adequacy of representation." *Massaro v. United States,* 538 U.S. 500, 123 S.Ct. 1690, 1694, 155 L.Ed.2d 714 (2003). Nevertheless, a remand for further development of the record is unnecessary where, as in this case, resolution of the ineffectiveness claim on the appellate record is "beyond any doubt." *United States v. Khedr,* 343 F.3d 96, 100 (2d Cir. 2003) (internal quotation marks omitted).

To succeed on a claim of ineffective assistance of counsel, a defendant must show both that counsel's representation was unreasonable and that he was prejudiced by counsel's alleged deficiency. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *accord United States v. Acevedo,* 229 F.3d 350, 356 (2d Cir.2000). Caicedo–Zamora can satisfy neither prong of *Strickland.*

■ First, counsel's argument that "the Court should downwardly depart and should consider downwardly departing by the full 25 months," can hardly be labeled objectively unreasonable advocacy. The statement clearly conveys counsel's effort to secure *any* sentencing departure for his client based on the claim that prosecutorial delay had deprived him of the opportunity to urge a concurrent federal and state sentence. *See United States v. Los Santos,* 283 F.3d at 428–29. Counsel's request that the court consider the maximum departure available under the circumstances evidences zealous advocacy, not constitutional ineffectiveness. Caicedo–Zamora's arguments to the contrary are without merit. We will "not use hindsight to second-guess" an attorney's reasonable strategic decision to urge the best result for his client and not to encourage the court to consider lesser alternatives. *McKee v. United States,* 167 F.3d 103, 106 (2d Cir. 1999) (internal quotation marks omitted).

■ Second, Caicedo–Zamora cannot show that he was prejudiced by counsel's omission. The possibility of lesser departures was presented to the trial court by the prosecution, when it argued that "[e]ven if the Court believes that a departure is warranted, the 25–month departure requested by the defendant is excessive." Gov't Sentencing Letter, Feb. 20, 2003, at 5. Even without this observation, there is no reason to think that the trial judge, whose experience with the Guidelines dates from their inception, needed either party to alert him to the well-known sentencing principle that the extent of a departure generally rests within the court's discretion. *See* U.S.S.G. § 5K2.0; *United States v. Leung,* 360 F.3d 62, 71 (2d Cir. 2004).

Further, Caicedo–Zamora cannot demonstrate "a reasonable probability" that if his attorney had proposed lesser departure alternatives, the district court would have been more inclined to reduce his sentence. *Strickland v. Washington,* 466 U.S. at 694. The record plainly demonstrates the district court's disinclination to grant any sentencing departure in this case, as evidenced by its imposition of a 36–month sentence, which was toward the middle rather than at the low end of the 33–to–41–month guideline range. Although the district court did not specifically state its reasons for going above the low end of the range, they are not difficult to discern: Caicedo–Zamora had a significant criminal history, including four felony convictions for drug crimes committed *after* he illegally reentered the United States.

We note that both the prosecution and the Probation Department initially calculated Caicedo–Zamora's sentencing guideline range at 77 to 96 months, more than double what he ultimately faced. It was the persistence of defense counsel that prompted closer scrutiny of Caicedo–Zamora's Texas drug conviction and a final consensus by the court and parties that

the conviction was not for a "drug trafficking offense" requiring a 16–level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A). Thus, counsel's overall representation rebuts rather than supports the claim of ineffective representation. *See Kimmelman v. Morrison,* 477 U.S. 365, 386, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986). Because we conclude that Caicedo–Zamora was not deprived of the effective assistance of counsel, the judgment of conviction is hereby AFFIRMED.