13-775-pr
*Knight v. United States*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of August , two thousand fourteen.

PRESENT:   GUIDO CALABRESI,
           DENNY CHIN,
           RAYMOND J. LOHIER, JR.,
                   *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

RANDALL DELBERT KNIGHT,
                   *Petitioner-Appellant,*

                   v.                                      13-775-pr

UNITED STATES OF AMERICA,


                   *Respondent-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PETITIONER-APPELLANT:        JANE S. MEYERS, Law Office of Jane S.
                                 Meyers, Brooklyn, NY.

FOR RESPONDENT-APPELLEE:    MONICA J. RICHARDS, Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, NY.

Appeal from the United States District Court for the Western District of New York (Skretny, *C. J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the final order of the district court is **VACATED** and the case is **REMANDED** for further proceedings.

Petitioner-appellant Randall Delbert Knight was charged on June 21, 2010 with committing murder-for-hire on or about July 3, 1994, in violation of 18 U.S.C. § 1958(a). Pursuant to a plea agreement, Knight pled guilty to the charge in the United States District Court for the Western District of New York (Skretny, *C. J.*) on July 14, 2010. The district court sentenced Knight principally to 288 months' imprisonment.

At the time Knight committed his offense, the maximum penalty for murder-for-hire was life imprisonment, and, therefore, the applicable statute of limitations was five years. *See* 18 U.S.C. § 3282(a). In September 1994, Congress amended 18 U.S.C. § 1958(a) to increase the maximum punishment to death. *See* Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103-322, § 60003(a)(11), 108 Stat. 1796 (effective Sept. 13, 1994) (codified at 18 U.S.C. § 1958(a)). Accordingly, the murder-for-hire statute was no longer subject to any statute of limitations. *See* 18 U.S.C. § 3281.

2

When Congress amended § 1958(a) in September 1994, the original five-year statute of limitations had not run with respect to Knight's crime. When he pled guilty in July 2010, there was no discussion on the record of whether the amendment of § 1958(a) to indirectly eliminate the statute of limitations applied retroactively. During the plea allocution, the district judge asked Knight if he understood that he was giving up his right to assert a statute of limitations defense by pleading guilty. Knight answered "[y]es," and his counsel added that "for the record there is no statute of limitations." App. at 75.

Knight thereafter filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. On January 31, 2013, the district court (Skretny, *C. J.*) denied the motion. In an order entered March 7, 2013, the district court granted Knight's motion for a certificate of appealability as to whether his attorney was ineffective in: "(1) advising him to plead guilty to a crime for which the statute of limitations may have expired, or relatedly, (2) failing to raise a defense that a conviction would violate the federal Ex Post Facto Clause of the United States Constitution." App. at 5-6. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

A.    *Applicable Law*

"A claim of ineffective assistance entails a showing that: 1) the defense counsel's performance was objectively unreasonable; and 2) the deficient performance

3

prejudiced the defense." *Kovacs v. United States*, 744 F.3d 44, 49 (2d Cir. 2014) (citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)). The *Strickland* test "applies to guilty plea challenges." *Id.* (citing *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)). "Both the performance and prejudice components of the ineffectiveness inquiry are mixed questions of law and fact." *Chhabra v. United States*, 720 F.3d 395, 406 (2d Cir. 2013) (internal quotation marks and alterations omitted).

Under the performance prong of the *Strickland* test, we ask whether counsel's performance was "so deficient that, in light of all the circumstances, the identified acts or omissions were outside the range of professionally competent assistance." *Gonzalez v. United States*, 722 F.3d 118, 130 (2d Cir. 2013) (internal quotation marks omitted). "Judicial scrutiny of counsel's performance must be highly deferential," and requires us "to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689.

In considering whether counsel's performance was deficient, we have held that "where a habeas petitioner establishes that counsel's choices were not the result of a conscious, reasonably informed decision made by an attorney with an eye to benefitting his client, courts may question such choices." *Greiner v. Wells*, 417 F.3d 305, 325 (2d Cir. 2005) (internal quotation marks omitted). "Indeed, courts have found deficient performance where counsel's conduct resulted from . . . a legal error or a

4

misunderstanding of the law." *Id.* Accordingly, "evidence of counsel's failure to make conscious, reasonably informed decisions for the benefit of the criminal defendant may at times be sufficient to overcome the presumption of effectiveness." *Id.* Of course, the Constitution "does not insure that defense counsel will recognize and raise every conceivable constitutional claim." *Engle v. Isaac*, 456 U.S. 107, 134 (1982). Nor does it require counsel to "forecast changes or advances in the law." *Jameson v. Coughlin*, 22 F.3d 427, 429 (2d Cir. 1994) (internal quotation marks omitted).

"[T]o satisfy the prejudice prong with respect to a claim focusing on a plea of guilty, 'the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Gonzalez*, 722 F.3d at 130 (quoting *Hill*, 474 U.S. at 59). "[W]here the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the 'prejudice' inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial." *Hill*, 474 U.S. at 59; *see also Panuccio v. Kelly*, 927 F.2d 106, 109 (2d Cir. 1991). The court need not, however, find that the issue would ultimately be resolved in the defendant's favor, but rather only that there is a fair likelihood "that, but for the deficiency, the outcome of the proceeding would have been different." *McKee v. United States*, 167 F.3d 103, 106 (2d Cir. 1999).

**B.**     *Application*

The district court did not reach the issue of whether counsel's performance fell below an objective standard of reasonableness.  Instead, the district court ruled, purely as a legal matter, that Congress's change to the maximum penalty under § 1958(a) effectively amended the applicable statute of limitations.   Accordingly, the district court held that "Knight's attorney could not have been ineffective for failing to raise a statute of limitations defense that did not exist."  Decision and Order, Jan. 31, 2013, at 9.

In its response to Knight's motion below, the Government took the position that Knight had no statute of limitations defense.  On appeal, however, the Government originally took no position.  After we requested briefing on the issue, the Government took the opposite view based on its position in opposing *certiorari* in another case, *see* Brief for the United States in Opposition at 14-15 n.4, *Seale v. United States*, *cert. denied*, 131 S. Ct. 163 (2010) (No. 09-11229), and its subsequent confession of error in yet another case, *see* United States of America's Brief at 37, *United States v. Mueller*, 661 F.3d 338 (8th Cir. 2011) (Nos. 10-3159, 10-3691), 2011 WL 2179433 at *37. Specifically, the Government is now of the view that the 1994 amendment to § 1958(a) did not extend the limitations period for crimes committed prior to the amendment because, "where a substantive change applies only prospectively, an indirect amendment to the statute of limitations does not apply retroactively."  Appellee's

6

Supplemental Br. at 6. The Government now takes the position, therefore, that Knight can demonstrate prejudice. Nevertheless, the Government argues that Knight's motion for habeas corpus relief should be denied because counsel's performance did not fall below an objective standard of reasonableness. In light of the Government's new position, we remand the case for the district court to reconsider both prongs of Knight's ineffective assistance of counsel claim.

First, because the district court did not decide the performance prong, we do not have an adequate record to consider the issue. Additionally, our cases make clear that except in "highly unusual circumstances . . . evidence, in the form of live testimony, affidavits, or briefs," is helpful to deciding the question of whether counsel was constitutionally ineffective. *Cox v. Donnelly*, 387 F.3d 193, 201 (2d Cir. 2004). We find no "highly unusual circumstances" here, and, therefore counsel should be afforded an opportunity to explain her strategy and performance.

Second, even though the Government concedes that Knight may demonstrate prejudice because a statute of limitations defense was available, the concession does not necessarily end the inquiry. We note that while the Government's position is "entitled to great weight," we, along with the district court, have an obligation to "examine independently the errors confessed." *Young v. United States*, 315 U.S. 257, 258-59 (1942); *see also Casey v. United States*, 343 U.S. 808, 808 (1952) (accepting the Solicitor General's confession of error where to do so "would not involve the

establishment of any precedent"). To be clear, we do not express any view as to whether the Government's position in conceding error based on the existence of a statute of limitations defense is correct, or whether, regardless of its position on the statute of limitations defense, its concession that Knight can establish prejudice is dispositive as to *Strickland*'s second prong. We merely point out that because of the Government's concession, which is contrary to the position it took in response to Knight's motion below, it is appropriate for the district court to consider the prejudice prong anew and make any factual findings necessary to prudently resolve the issue. *Cf. Jota v. Texaco, Inc.*, 157 F.3d 153, 160 (2d Cir. 1998) (explaining on remand it would be appropriate for district court to reconsider merits of an issue based on party's changed position on appeal).

Accordingly, we **VACATE** the final order of the district court and **REMAND** the case for further proceedings pursuant to the procedures set forth in *United States v. Jacobson*, 15 F.3d 19, 21-22 (2d Cir. 1994), for the district court to allow counsel an opportunity to be heard, make any additional findings of fact that are necessary to resolve Knight's claim, and revisit the merits of its decision in light of the Government's new position. The parties are to inform the Clerk of the Court by letter within twenty-one days of when the district court has issued its decision. Following such notification, jurisdiction of this appeal will automatically be restored to this Court

8

without need for either party to file a new notice of appeal. After jurisdiction is restored, this panel will resume its consideration of this case.

<div style="margin-left: 45%">
FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk
</div>