Keith **COLLIER**, Petitioner,

v.

**UNITED STATES** of America, Respondent.

No. 00–CV–115.

United States District Court, N.D. New York.

April 11, 2000.

Keith Collier, White Deer, PA, pro se.

Office of U.S. Attorney, Northern District of New York, Albany, NY (William Pericak, Asst. U.S. Atty., of counsel), for U.S.

## MEMORANDUM–DECISION & ORDER

McAVOY, District Judge.

Before the Court is Petitioner Keith Collier's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.

As this Court noted in its March 30, 2000 Order in this case,[1] although Petitioner identified nine separate "issues for review," *see* Petitioner's Motion Under 28 U.S.C. § 2255 (Docket No. 1) (dated January 20, 2000) (hereinafter "Section 2255 Petition"), he discussed only the first eight issues. In an amendment to his motion filed February 4, 2000, Petitioner discussed the ninth issue; namely, that he was denied a fair trial based on a constructive amendment to the Indictment at trial. *See* Petitioner's Letter Motion to Amend, at 1 (hereinafter "Amended Section 2255 Petition") (Docket No. 4). Because this issue was identified in Petitioner's initial petition and responded to by the Government in its opposition papers, the Court will view both the initial petition and subsequent amendment as a single pleading under 28 U.S.C. § 2255.

## I. BACKGROUND

On October 24, 1997, following a jury trial before this Court, Petitioner Keith Collier was convicted of conspiring and attempting to commit bank robbery, in violation of 18 U.S.C. §§ 371 and 2113(a); using a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1); possessing a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2); and possessing a firearm with an obliterated serial number,

---

1. In that Order, the Court granted Petitioner's request to proceed *in forma pauperis* in this matter and denied Petitioner's request for appointment of counsel.

in violation of 18 U.S.C. §§ 922(k) and 924(a)(1). *See United States v. Collier,* 172 F.3d 38, 1999 WL 38807, at *1 (2d Cir. Jan.27, 1999) (Unpublished Table Decision). Petitioner was sentenced principally to a term of imprisonment of 270 months.

On appeal, Petitioner, moving *pro se,* raised the following challenges to his conviction: "(1) that the government's evidence was insufficient to disprove his defense of entrapment; (2) that the district court erred in refusing to hold an evidentiary hearing on his claim of outrageous government conduct; and (3) that, in sentencing, the court should have departed downward from the recommended Sentencing Guidelines range of imprisonment on the ground that, by delaying his arrest, the government engaged in 'sentencing entrapment' or 'sentencing factor manipulation.' " *Collier,* 1999 WL 38807, at *1. In an unpublished disposition, the Second Circuit rejected Petitioner's claims and affirmed this Court's judgment. *See id.* at *3.

In the instant petition, Collier raises numerous grounds to set aside his conviction. In the interests of clarity, the Court grouped these claims into four categories. The first set of claims, essentially ineffective assistance of trial counsel claims, allege that trial counsel committed error by: (1) failing to investigate and call a witness; (2) not permitting Collier to testify at trial; (3) failing to move for a severance; (4) failing to object to the testimony of his codefendant, Edward Jones; (5) failing to object to the Court's jury instructions with respect to the conspiracy charge; and (6) failing to investigate Petitioner's prior convictions which resulted in Petitioner being sentenced as a career offender. *See* Section 2255 Petition at 1–19; 31–37; 43–45; Gov't Response at 17–28. In his second set of claims, essentially prosecutorial misconduct claims, Petitioner alleges that: (1) the government's closing statement contained improper remarks; and (2) the introduction of Petitioner's two prior robbery convictions violated a stipulation. *See* Section 2255 Petition at 20–30; Gov't Response at

29–31. In his third set of claims, essentially trial/sentencing errors, Petitioner alleges that: (1) he was improperly sentenced; and (2) the Indictment was constructively amended at trial. *See* Section 2255 Petition at 45–46; Amended Section 2255 Petition at 1–4; Gov't Response at 31–34. Lastly, Petitioner raises a claim of ineffective assistance of appellate counsel. *See* Section 2255 Petition at 38–42; Gov't Response at 34–35.

The Court will address Petitioner's claims *seriatim.*

## II. DISCUSSION

A prisoner sentenced by a federal court may move the court that imposed the sentence to "vacate, set aside or correct the sentence" where: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255 (Supp.1999); *see also Chambers v. United States,* 106 F.3d 472, 474 (2d Cir.1997) (internal citations omitted).

### A. Ineffective Assistance of Trial Counsel and the *Strickland* Standard

"A defendant challenging his conviction and sentence on the basis of ineffective assistance of counsel bears a heavy burden." *United States v. Diaz,* 176 F.3d 52, 112 (2d Cir.), *cert. denied,* —— U.S. ——, 120 S.Ct. 181, 145 L.Ed.2d 153 (1999). "To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must establish two elements: (1) that counsel's performance 'fell below an objective standard of reasonableness,' and (2) that there is a 'reasonable probability' that, but for the deficiency, the outcome of the proceeding would have been different." *McKee v. United States,* 167 F.3d 103, 106 (2d Cir. 1999) (quoting *Strickland v. Washington,* 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80

L.Ed.2d 674 (1984)). Courts apply the same standard when reviewing claims of ineffectiveness of appellate counsel. *See id.* (citing *Mayo v. Henderson,* 13 F.3d 528, 533 (2d Cir.), *cert. denied,* 513 U.S. 820, 115 S.Ct. 81, 130 L.Ed.2d 35 (1994)).

In establishing that counsel's performance was deficient, "it is not sufficient for the habeas petitioner to show merely that counsel omitted a nonfrivolous argument, for counsel does not have a duty to advance every nonfrivolous argument that could be made." *Mayo,* 13 F.3d at 533; *see also Purdy v. United States,* 208 F.3d 41, 44 (2d Cir. 2000) ("The performance inquiry is contextual; it asks whether defense counsel's actions were objectively reasonable considering all the circumstances."). In making this inquiry, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052 ("It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable."). As the Second Circuit recently stated in *McKee:*

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Actions or omissions by counsel that might be considered sound trial strategy do not constitute ineffective assistance, and a court may not use hindsight to second-guess counsel's tactical choices. A petitioner may rebut the suggestion that the challenged conduct reflected merely a strategic choice, however, by showing that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker.

167 F.3d at 106 (internal quotations and citations omitted).

"In evaluating the prejudice component of the *Strickland* test, a court must determine whether, absent counsel's deficient performance, there is a reasonable probability that the outcome of the proceeding would have been different." *Mayo,* 13 F.3d at 534; *see also McKee,* 167 F.3d at 106. " 'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " *Mayo,* 13 F.3d at 534 (quoting *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052). In contrast to the performance determination, "the prejudice analysis may be made with the benefit of hindsight." *McKee,* 167 F.3d at 106–07 (citing *Lockhart v. Fretwell,* 506 U.S. 364, 371–72, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993)); *Mayo,* 13 F.3d at 534. The Court will now turn to Petitioner's ineffective assistance of counsel claims with these standards in mind.

### 1. Failure to Call Jamal Cox as a Witness

Petitioner contends that trial counsel was ineffective for failing to call Jamal Cox as a trial witness. Specifically, Petitioner claims that Cox would have testified that: (1) it was Cox, rather than Petitioner, who invited James Williams, the Government's witness who alerted police to the planned robbery, to the barbecue where the robbery was discussed; and (2) it was Williams, rather than Petitioner, who stated that the robbery would be "mad easy."

"The decision whether to call any witnesses on behalf of the defendant, and if so which witnesses to call, is a tactical decision of the sort engaged in by defense attorneys in almost every trial." *United States v. Eisen,* 974 F.2d 246, 265 (2d Cir.1992) (internal quotation omitted), *cert. denied,* 507 U.S. 998, 113 S.Ct. 1619, 123 L.Ed.2d 178 (1993). Accordingly, trial counsel's decision not to call Jamal Cox to testify cannot form the basis of a meritorious ineffective assistance claim. *See, e.g., United States v. Smith,* 198 F.3d 377, 386 (2d Cir.1999); *United States v. Schmidt,* 105 F.3d 82, 90 (2d Cir.) ("[T]he tactical

decision of whether to call specific witnesses—even ones that might offer exculpatory evidence—is ordinarily not viewed as a lapse in professional representation."), *cert. denied*, 522 U.S. 846, 118 S.Ct. 130, 139 L.Ed.2d 80 (1997); *United States v. Luciano*, 158 F.3d 655, 660 (2d Cir.1998), *cert. denied*, 526 U.S. 1164, 119 S.Ct. 2059, 144 L.Ed.2d 224 (1999); *United States ex rel. Walker v. Henderson*, 492 F.2d 1311, 1314 (2d Cir.) ("[T]he decision to call or bypass particular witnesses is peculiarly a question of trial strategy, which courts will practically never second-guess.") (internal citations and footnote omitted), *cert. denied*, 417 U.S. 972, 94 S.Ct. 3179, 41 L.Ed.2d 1144 (1974). Given that Cox's testimony would have implicated Petitioner in the robbery and, thus, was more harmful than helpful to Petitioner, trial counsel had a sound strategic reason for deciding not to call Cox as a trial witness. Petitioner's claim also fails to satisfy the prejudice prong of the *Strickland* test. Petitioner fails to demonstrate that trial counsel's failure to call Cox as a witness "prevented the jury from considering evidence probative of his innocence." *Smith*, 198 F.3d at 386. Thus, Petitioner's claim of ineffective assistance of counsel on this ground must fail.

## 2. Failure to Permit Petitioner to Testify

Petitioner next claims that trial counsel was ineffective for not permitting Petitioner to testify on his own behalf. Specifically, Petitioner contends that he would have testified that: (1) it was Williams, rather than Petitioner, who initiated the dialogue regarding the robbery; (2) Petitioner did not summon Williams to the barbecue where the robbery was apparently discussed; and (3) the robbery was Williams's, rather than Petitioner's, idea. *See* Section 2255 Petition at 9. In response, the Government contends that Petitioner was aware of his right to testify and, moreover, Petitioner's testimony fails to satisfy the prejudice prong of *Strickland* because such testimony "would not have aided [Petitioner's] entrapment defense." Gov't Response at 23–24. The Court notes that Petitioner's claim that he was denied his right to testify must satisfy the two-prong test set forth in *Strickland*. *See Brown v. Artuz*, 124 F.3d 73, 79 (2d Cir.1997), *cert. denied*, 522 U.S. 1128, 118 S.Ct. 1077, 140 L.Ed.2d 135 (1998).

Petitioner's proposed testimony deals with factual issues related to the entrapment defense, which were considered and rejected by the Second Circuit in connection with Collier's appeal of his conviction. On appeal, Petitioner argued that the Government's evidence was insufficient to disprove his entrapment defense. *See Collier*, 1999 WL 38807, at *1. In rejecting this argument, the Second Circuit held that the record, viewed in a light most favorable to the Government, demonstrated that:

> in speaking with James Williams at the barbecue on July 7, 1997, Collier initiated the subject of committing a robbery; that he introduced the idea of robbing Williams's employer; that by the time Williams left the barbecue, the understanding was that Collier and two others were going to rob the credit union associated with Williams's employer; and that on July 7, Williams was not an agent for any law enforcement agency. The evidence was thus ample to permit the jury to infer beyond a reasonable doubt both that Collier's offenses were not induced by a person who was then an agent of the government and that Collier was predisposed to commit those crimes.

*Id.* at *2.

Accordingly, Petitioner fails to show that, based on his proposed testimony—which relates to factual issues underlying his entrapment defense considered on appeal— there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052; *see also Diaz*, 176 F.3d at 113.

### 3. Failure to Seek Severance of Felon in Possession Charge

Petitioner next asserts that trial counsel's failure to seek severance of the felon in possession of a firearm charge from the robbery counts constituted ineffective assistance of counsel. In response, the Government argues that a stipulation between the parties regarding Petitioner's prior conviction and a limiting instruction to the jury by the Court ameliorated any prejudice that may have resulted from such disclosure to the jury. *See* Gov't Response at 24–25. Furthermore, the Government argues that disclosure of Petitioner's prior convictions was admissible in light of the fact that Petitioner raised an entrapment defense. *See id.* at 25–26.

■ "Courts have held that joinder of an ex-felon count with other charges requires either severance, bifurcation, or some other effective ameliorative procedure." *United States v. Jones,* 16 F.3d 487, 492 (2d Cir.1994). A prior conviction is not prejudicial where the prior conviction is an element of the crime or otherwise independently admissible. *See United States v. Gilliam,* 994 F.2d 97, 100 (2d Cir.), *cert. denied,* 510 U.S. 927, 114 S.Ct. 335, 126 L.Ed.2d 280 (1993).

■ Petitioner fails to show that counsel's decision not to seek severance was unreasonable or unfairly prejudiced him. First, the risk of prejudice arising from disclosure of Petitioner's prior conviction was mitigated because it was introduced by a stipulation between the parties. *See United States v. Gelzer,* 50 F.3d 1133, 1139 (2d Cir.1995); *Camacho v. United States,* 1999 WL 600523, at *6 (S.D.N.Y. Aug.10, 1999). Second, any potential prejudice resulting from disclosure of Petitioner's prior conviction was sufficiently addressed by this Court's cautionary instruction that the jury was to consider that conviction solely with respect to Count Four of the Indictment (possession of a firearm by a convicted felon). *See* Gov't Response at 25. Lastly, Petitioner's prior conviction was admissible given that Petitioner raised an entrapment defense. *See United States v.*

*Pagan,* 721 F.2d 24, 30–31 (2d Cir.1983) ("[O]nce a defendant raises the defense of entrapment, evidence of prior convictions relevant to the issue of predisposition may be introduced by the government in rebuttal."); *see also United States v. Bastanipour,* 41 F.3d 1178, 1183 (7th Cir.1994) ("[E]vidence of a defendant's prior criminal acts is admissible to prove predisposition in an entrapment case, because in such a case the defendant's predisposition to commit the charged crime is legitimately at issue.") (internal quotation omitted); *United States v. Lara,* 891 F.2d 669, 672 (8th Cir.1989). Accordingly, because a motion for a severance would have been unsuccessful, Petitioner's claim of ineffective assistance of counsel on that ground must fail.

### 4. Failure to Object to Testimony of Edward Jones

Petitioner next asserts that trial counsel was ineffective by not properly objecting to the testimony of cooperating witness Edward Jones. Specifically, Petitioner contends that although trial counsel objected to Jones's testimony on relevance grounds, he failed to object to the testimony on the ground that it violated Petitioner's Sixth Amendment rights. *See* Section 2255 Petition at 15. In response, the Government argues that the Court's limiting instruction on this matter mitigated any potential prejudice. The Government also contends that this point was included in Petitioner's appellate brief and rejected by the Second Circuit on appeal. *See* Gov't Response at 27.

■ As an initial matter, the Court notes that the portion of Jones's testimony focused on by Petitioner dealt with the collateral issue of Ak Bar's discomfort in being involved with the planned robbery. *See* Section 2255 Petition at 16. In light of that fact, and trial counsel's objection to the testimony of Edward Jones and the Court's allowance of that testimony for the limited purpose of establishing Jones's involvement in the planned robbery, the

Court finds no viable claim of ineffective assistance of counsel on this ground.

### 5. Failure to Object to the Court's Instructions Regarding the Conspiracy Charge

Petitioner next argues that this Court's jury instructions with respect to the conspiracy charge were erroneous and, therefore, trial counsel's failure to object to that portion of the jury charge constituted ineffective assistance of counsel.

■ The crux of Petitioner's argument is that the Court improperly made reference to 21 U.S.C. § 846 ("Section 846") rather than 18 U.S.C. § 371 ("Section 371") when instructing the jury on the elements of the conspiracy charge.

The elements of the conspiracy statutes under Section 846 and Section 371 are similar in nature; however, Section 371 includes an overt act requirement. *See, e.g., United States v. Pistone,* 177 F.3d 957, 960 (11th Cir.), *reh'g and suggestion for reh'g en banc denied by,* 203 F.3d 838 (11th Cir.1999) (Table); *United States v. Mulherin,* 710 F.2d 731, 737 (11th Cir.), *cert. denied,* 464 U.S. 964, 104 S.Ct. 402, 78 L.Ed.2d 343 (1983); *United States v. Umentum,* 547 F.2d 987, 991 (7th Cir. 1976), *cert. denied,* 430 U.S. 983, 97 S.Ct. 1677, 52 L.Ed.2d 376 (1977); *United States v. Nakashian,* 635 F.Supp. 761, 770 (S.D.N.Y.1986) ("The drug conspiracy statutes and the general conspiracy statute are similar to the extent that each requires proof of a defendant's intention to agree and of his intention to effectuate the illegal object of the conspiracy for his conviction."), *rev'd on other grounds,* 820 F.2d 549 (2d Cir.), *cert. denied,* 484 U.S. 963, 108 S.Ct. 451, 98 L.Ed.2d 392 (1987). Aware of this distinction, the Court informed the jury, in a detailed manner, of the overt act requirement applicable to the general conspiracy statute. Accordingly, Petitioner cannot assign error to trial counsel's failure to object to that portion of the charge.

### 6. Failure to Investigate Prior Convictions

Petitioner next claims that trial counsel was ineffective by failing to investigate Petitioner's prior convictions, which resulted in Petitioner being sentenced as a career offender. Specifically, Petitioner contends that his prior convictions were "[a]djudicated as Youth Offender Acts" and, thus, should not have been considered in determining whether Petitioner should be sentenced as a career offender. *See* Section 2255 Petition at 43.

■ At best, Petitioner's argument regarding the status of his prior convictions is conclusory. In its opposition papers, the Government contends that although Petitioner's first conviction was accorded youthful offender status, Petitioner's second and third convictions were "adult convictions, arising out of two separate robberies which occurred months apart, and for which Collier was sentenced to consecutive sentences on the same day." Gov't Response at 28; *see also United States v. Herman,* 172 F.3d 205, 206 (2d Cir.1999) (citing U.S.S.G. § 4B1.1) ("A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."); *United States v. Mapp,* 170 F.3d 328, 338 (2d Cir.) ("Our precedents clearly establish that we do not consider cases to have been consolidated (functionally or otherwise) for sentencing simply because a defendant received concurrent sentences that were imposed on the same day."), *cert. denied,* —— U.S. ——, 120 S.Ct. 239, 145 L.Ed.2d 200 (1999). Because Petitioner fails to provide *any* specific information to rebut the Government's position that these prior convictions were properly counted in determining that Petitioner should be sentenced as a career offender,

Petitioner's ineffective assistance of counsel claim on that ground must fail.

## B. Prosecutorial Misconduct Claims

### 1. Government's Closing Statement

Petitioner argues that the prosecutor's use of the phrases "I submit" and "I suggest" during his closing argument constituted improper vouching for the veracity of the Government's witnesses. *See* Section 2255 Petition at 20. In response, the Government contends that this argument was rejected on appeal and, moreover, the use of these "well recognized rhetorical device[s]" did not constitute vouching of the witnesses's credibility. Gov't Response at 29.

In reviewing a claim of prosecutorial misconduct based on statements made by a prosecutor, courts examine the statements in the context of the trial to determine whether they resulted in substantial prejudice to the defendant. *See United States v. Tutino*, 883 F.2d 1125, 1136 (2d Cir.1989), *cert. denied*, 493 U.S. 1081, 110 S.Ct. 1139, 107 L.Ed.2d 1044 (1990). In assessing whether or not substantial prejudice exists, courts weigh the following factors: "the severity of the misconduct, the measures adopted to cure it, and the certainty of conviction in the absence of the misconduct." *United States v. Melendez*, 57 F.3d 238, 241 (2d Cir. 1995); *see also Tutino*, 883 F.2d at 1136 (internal quotations omitted).

"Although attorneys are generally barred from expressing personal beliefs or opinions to the jury, the use of [the expression 'I think you can conclude'] ... is permissible if it clearly communicates nothing more than a comment on the evidence." *See United States v. Jaswal*, 47 F.3d 539, 544 (2d Cir.1995). In the context the prosecutor used the phrases "I submit" and "I suggest," he "was properly arguing the evidence and was not referring to his personal beliefs or to any additional information he might have had." *Id.* (prosecutor's use of the phrase "I think you can conclude" does not constitute misconduct); *see also United States v. Stulga*, 584 F.2d

142, 147 (6th Cir.1978) ("The use of the words 'I submit' are not the equivalent of expressing a personal opinion. To paraphrase, it would be 'I submit that upon the facts as shown by the evidence.'"). Viewing the prosecutor's closing as a whole, the Court finds that the occasional use of rhetorical phrases such as "I submit" and "I suggest" "is simply fair argument," *United States v. Modica*, 663 F.2d 1173, 1181 (2d Cir.1981), *cert. denied*, 456 U.S. 989, 102 S.Ct. 2269, 73 L.Ed.2d 1284 (1982), that does not rise to the level of prosecutorial misconduct. Moreover, in its charge, the Court instructed the jury that the statements and arguments made by counsel were not evidence.

### 2. Admission of Petitioner's Prior Convictions

Petitioner next argues that the prosecutor's reference during his closing to Petitioner's prior conviction for robbery was prejudicial. *See* Section 2255 Petition at 29–30.

As previously noted, the parties entered into a stipulation whereby Petitioner's prior felony conviction would be disclosed to the jury. *See* Gov't Response at 30. That conviction was also admissible in light of the fact that Petitioner raised an entrapment defense. *See id.* at 31. Accordingly, Petitioner's claim of prosecutorial misconduct on this ground is without merit.

## C. Trial and Sentencing Errors

### 1. Applicable Sentencing Guidelines

Petitioner challenges two aspects of his sentence: (1) that he improperly received a two level enhancement pursuant to U.S.S.G. § 2B3.1(b)(4)(B); and (2) that his offense level should have been reduced by three levels pursuant to U.S.S.G. § 2X1.1(b)(2). *See* Section 2255 Petition at 45. In response, the Government advances three arguments: (1) the Sentencing Guidelines were properly applied; (2) Petitioner was not prejudiced because neither adjustment affected his sentence giv-

en the determination that he was a career offender under U.S.S.G. § 4B1.1; and (3) Petitioner waived this claim attacking his sentence by not raising it on appeal. *See* Gov't Response at 31–32.

 In *Graziano v. United States,* 83 F.3d 587, 590 (2d Cir.1996), the Second Circuit addressed whether the "complete miscarriage of justice" standard should apply to challenges to the application of the Sentencing Guidelines raised for the first time in a section 2255 petition:

> Insofar as claims regarding a sentencing court's error in failing to properly apply the Sentencing Guidelines are neither constitutional nor jurisdictional, we join several other circuits in holding that, absent a complete miscarriage of justice, such claims will not be considered on a [section] 2255 motion where the defendant failed to raise them on direct appeal.... This approach to violations of the Sentencing Guidelines is consistent with our view that the scope of review on a [section] 2255 motion should be narrowly limited in order to preserve the finality of criminal sentences and to effect the efficient allocation of judicial resources.

83 F.3d at 590 (internal quotations and citations omitted). Accordingly, because Petitioner's sentencing claim is neither constitutional nor jurisdictional, he must establish that the sentence imposed constituted a "complete miscarriage of justice."

 Consistent with the Pre–Sentence Report, Petitioner's offense level was increased two levels because " 'it has been established that the defendants intended to physically restrain the credit union employees and/or customers to facilitate the commission of the offense by tying them with duct tape.' " Gov't Response at 31 (quoting Pre–Sentence Report at ¶ 29); *see also United States v. Medina,* 74 F.3d 413, 417 (2d Cir.1996) ("At sentencing, the defendant is responsible if an act performed in furtherance of a conspiracy by a co-conspirator was 'reasonably foreseeable,' regardless of whether the defendant acted to promote it or facilitate it.") (using reasonably foreseeable standard in determining whether defendant's sentence should be enhanced under U.S.S.G. § 2B3.1(b)(2)(C)); *United States v. Burkey,* 1996 WL 633512, at *1 (D.Kan. July 29, 1996) ("The [Pre–Sentence Report] includes ... an increase [under section 2B3.1(b)(4)(B) ] because the conspirators planned to physically restrain employees of the bank by locking them in the safe."). Moreover, Petitioner's role in the conspiracy effectively forecloses the application of the three level reduction in section 2X1.1. *See, e.g., United States v. Waskom,* 179 F.3d 303, 309 (5th Cir.) ("Where conspirators are substantially prepared to complete the remaining acts they believe necessary for their plan, they are more likely to be 'on the verge' of completing the substantive offense, and are thus unlikely to deserve the reduction [under section 2X1.1(b)(2) ]."), *cert. denied,* —— U.S. ——, 120 S.Ct. 547, 145 L.Ed.2d 424 (1999); *Medina,* 74 F.3d at 419 (2d Cir.1996) (district court did not err in denying a three-level downward departure under section 2X1.1 where conspirators obtained a floor plan, planned the robbery on a date the company would be holding a large amount of cash, procured two firearms, several sets of handcuffs, and ski masks for use during the crime, and drove to the company's premises and parked their getaway vehicle in a nearby location); *United States v. Chapdelaine,* 989 F.2d 28, 35 (1st Cir.1993) (district court did not commit error by declining to grant the reduction under section 2X1.1(b) where "[t]he evidence showed that [defendant] and the others arrived at the mall prepared and equipped to carry out a robbery and were thwarted only by the unexpected early departure of the Wells Fargo truck."), *cert. denied,* 510 U.S. 1046, 114 S.Ct. 696, 126 L.Ed.2d 663 (1994). Accordingly, because Petitioner's claimed sentencing errors fail to satisfy the "complete miscarriage of justice" standard, he is not entitled to habeas relief on that ground.

### 2. Constructive Amendment of the Indictment

In his Amended Motion, Petitioner argues that the Indictment was constructively amended when the Government presented evidence of a violation of 18 U.S.C. § 2113(d), even though the Indictment charged a violation of 18 U.S.C. § 2113(a).[2] *See* Amended Section 2255 Petition at 3–4. In response, the Government argues that section 2113(d) merely provides for a sentence enhancement rather than define a different offense and, thus, does not result in an amendment to, or variance of, the Indictment. *See* Gov't Response at 33.

Petitioner does not dispute that the government presented evidence sufficient to support the elements of section 2113(d). *See* Amended Section 2255 Petition at 4 ("[T]here is no doubt that the government presented evidence which supported Attempted *Arm* [sic] Bank Robbery....") (emphasis in original). Moreover, Petitioner was not sentenced separately under sections 2113(a) and 2113(d); rather, his sentence was enhanced based on the existence of an aggravating factor, e.g., attempted armed bank robbery. *See, e.g., United States v. Benson*, 918 F.2d 1, 3 (1st Cir.1990) ("A bank robber is vulnerable to a sentence enhancement under subsection 2113(d) if he uses 'a dangerous weapon or device' in attempting or committing the crime."); *United States v. Sappe*, 898 F.2d 878, 881 (2d Cir.1990) (noting that the Supreme Court has held that "violations of subdivisions (a), (b) and (d) of section 2113 did not constitute separate offenses but were simply variations of a single offense graded according to the existence and nature of aggravating circumstances."); *United States v. Spencer*, 684 F.2d 220, 224 (2d Cir.1982), *cert. denied*, 459 U.S. 1109, 103 S.Ct. 738, 74 L.Ed.2d 960 (1983); *Grimes*

*v. United States*, 607 F.2d 6, 14 (2d Cir. 1979); *United States v. Bennett*, 547 F.2d 1235, 1236 (5th Cir.) ("[S]ubsections (a) through (e) of [section] 2113 do not create separate offenses, but instead constitute a single offense with each subsection providing for a different maximum sentence depending on the severity of the crime."), *reh'g denied*, 550 F.2d 1285 (5th Cir.), *cert. denied*, 431 U.S. 943, 97 S.Ct. 2662, 53 L.Ed.2d 263 (1977); *cf. United States v. Pisani*, 787 F.2d 71, 74 (2d Cir.1986) (noting that 18 U.S.C. § 924(c) was amended in 1984 such that a "five-year consecutive sentence was required to be imposed even if the statute defining the underlying offense contained its own enhancing penalty for using or carrying a weapon."). Thus, because section 2113(d) functions as a "mandatory sentence enhancement," *United States v. Medina*, 32 F.3d 40, 47 (2d Cir.1994); *see also United States v. Mohammed*, 27 F.3d 815, 820 (2d Cir.), *cert. denied*, 513 U.S. 975, 115 S.Ct. 451, 130 L.Ed.2d 360 (1994), rather than as a separate offense, Petitioner claim that the Indictment was constructively amended is without merit.[3]

### D. Ineffective Assistance of Appellate Counsel

Petitioner's final claim is that his appellate counsel was ineffective by failing to raise the issue of trial counsel's ineffectiveness on appeal. *See* Section 2255 Motion at 40–42.

As previously noted, courts apply the *Strickland* test to claims of ineffectiveness made against appellate counsel. *See Cuoco v. United States*, 208 F.3d 27, 30–31 (2d Cir. 2000); *McKee*, 167 F.3d at 106. Having determined that the alleged errors by trial counsel did not constitute ineffective assistance of counsel under *Strickland* and

---

2. As noted *infra* at 1–2, Petitioner filed an amended motion that discussed the constructive amendment of Indictment issue. *See* Docket No. 4. Because this issue was raised in Petitioner's initial section 2255 motion, *see* Docket No. 1, and addressed by the Government in its opposition papers, the Court will

treat both the initial and amended motions as one pleading.

3. The Court notes that the five year difference between sections 2113(a) and 2113(d) is reflected, in part, by the enhancements permitted under U.S.S.G. § 2B3.1.

its progeny, Petitioner cannot argue that appellate counsel was ineffective for raising those issues on appeal. *See Castro v. Ward,* 138 F.3d 810, 832 (10th Cir.), *cert. denied,* 525 U.S. 971, 119 S.Ct. 422, 142 L.Ed.2d 343 (1998) ("Because we have held that the substance of the issues involved have no merit, appellate counsel was not ineffective, and [defendant] suffered no prejudice, from his appellate counsel's failure to raise them."). Accordingly, Petitioner's claim that his appellate counsel was ineffective cannot stand.

## III. CONCLUSION

For the foregoing reasons, Petitioner's motion pursuant to 28 U.S.C. § 2255 is **DENIED** and **DISMISSED.**

**IT IS SO ORDERED.**