Anthony SPARMAN, Petitioner—
Appellee—Cross-appellant,

v.

Ernest EDWARDS, Superintendent, Otisville Correctional Facility, Respondent—Appellant—Cross-appellee.

Docket Nos. 97–2825, 97–2855.

United States Court of Appeals,
Second Circuit.

Argued Aug. 6, 1998.

Decided Aug. 25, 1998.

---

charged with ineffectiveness in the handling of petitioner's defense, testified. We believe that a district court facing the question of constitutional ineffectiveness of counsel should, except in highly unusual circumstances, offer the assertedly ineffective attorney an opportunity to be heard and to present evidence, in the form of live testimony, affidavits, or briefs. *Cf. United States v. Dukes*, 727 F.2d 34, 41 n. 6 (2d Cir.1984).

In light of our decision to affirm the judgment of the district court, we need not address petitioner's claim on cross-appeal that he was denied a fair trial by the prosecutor's mischaracterization of the evidence in her closing argument. By declining to reach this issue, we do not suggest in any way that the prosecutor's statements were appropriate or sustainable or that they were "fair responses to defendant's summation arguments."

The decision of the district court is affirmed.

Robert J. Anello, Morvillo, Abramovitz, Iason & Silberberg, P.C., New York City, for petitioner-appellee-cross-appellant.

Anthea H. Bruffee, Assistant District Attorney, Kings County, NY, for respondent-appellant-cross-appellee.

Before: CALABRESI, CABRANES, and STRAUB, Circuit Judges.

PER CURIAM:

Respondent appeals from a decision of the United States District Court for the Eastern District of New York (Gleeson, *J.*) granting a writ of habeas corpus to petitioner after determining that petitioner's counsel at his state trial had been constitutionally ineffective. We affirm the judgment of the district court substantially for the reasons stated by Judge Gleeson in his Memorandum and Order, *Sparman v. Edwards*, 1997 WL 878324, — F.Supp. — (E.D.N.Y.1997).

We note in passing that Judge Gleeson held an evidentiary hearing at which petitioner's trial counsel, who was then (and now)