Adebowale **JOLAOSO**, Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

**No. 00 CV 1113(NG).**

United States District Court,
E.D. New York.

April 12, 2001.

Adebowale Jolaoso, pro se.

Nikki Kowalski, Brooklyn, NY, for respondent.

### *ORDER*

GERSHON, District Judge.

On October 7, 1999, petitioner was convicted, pursuant to his guilty plea, of bank theft in violation of 18 U.S.C. § 2113. The plea agreement recited potential penalties, including restitution in the amount of $14,651.03 and imprisonment for a maximum of 10 years. In the agreement, the government estimated that the guidelines sentencing range was 12 to 18 months of imprisonment, and petitioner waived his right to challenge his conviction and sentence in the event that the court imposed a sentence within or below this estimated range of imprisonment.

At the plea proceeding on May 26, 1999, I advised petitioner that he could be sentenced to a maximum term of 10 years in prison and ordered to pay restitution in the amount of $14,651. I also advised petitioner that the government estimated a prison sentence of 12 to 18 months, and that, under the plea agreement, if I imposed a sentence within or below this range, petitioner could not appeal. Petitioner, who was under oath, stated that he understood each of these facts. He also responded that he had signed the original plea agreement, that he had read it, and that he had understood everything in it. In October 1999, I sentenced petitioner to 10 months in custody, under the range at which he agreed not to appeal, with 3 years of supervised release, and ordered petitioner to pay a special assessment of $100 and restitution in the amount of $14,651.03.[1]

Petitioner, proceeding pro se, now moves under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, claiming that he was denied effective assistance of counsel because his attorney failed to file a timely notice of appeal after petitioner had instructed his attorney to do so and the attorney had assured petitioner he would file an appeal. A petitioner asserting a claim of ineffective assistance of counsel must demonstrate both (1) that counsel's performance was so unreasonable under prevailing professional norms that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and (2) that counsel's ineffectiveness prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the re-

---

1. At sentencing, I advised the parties of "their right to appeal." In a subsequent case, the Court of Appeals for the Second Circuit offered some "preliminary thoughts" for cases such as this, involving a plea agreement containing a waiver of appellate rights, including that district courts not give unqualified advice concerning a right to appeal but rather consider mentioning that appellate rights were waived in the plea agreement. *See U.S. v. Tang,* 214 F.3d 365, 370 (2d Cir.2000).

sult would have been different." *Id.* at 694, 104 S.Ct. 2052.

■ It is unlikely that petitioner can show that counsel's performance was so unreasonable under prevailing professional norms that he was not acting as counsel within the meaning of the Sixth Amendment. In *Roe v. Flores–Ortega*, 528 U.S. 470, 480, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000), the Supreme Court recognized that highly relevant factors in determining whether a "rational defendant" would seek to appeal are whether the defendant pled guilty—for that "may indicate that the defendant seeks an end to judicial proceedings"—and "whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights.". Given that petitioner pled guilty, received a sentence lighter than the sentence estimated in the plea agreement, and the plea agreement expressly waived appeal rights, it is unlikely that petitioner could show counsel was unreasonable in failing to file a notice of appeal.[2]

Even assuming petitioner could show that counsel acted unreasonably, petitioner would not be entitled to relief under 28 U.S.C. § 2255 because petitioner has failed to show prejudice. I recognize that *Roe* found "it is unfair to *require* an indigent, perhaps *pro se*, defendant to demonstrate that his hypothetical appeal might have had merit before any advocate has ever reviewed the record in his case in search of potentially meritorious grounds for appeal. Rather, we require the defendant to demonstrate that, but for counsel's deficient conduct, he would have appealed." *Id.* at 486, 120 S.Ct. 1029. However, whether a particular petitioner has made the requisite showing of ineffective assistance of counsel will turn on the facts of a particular case. *See Id.* at 478, 120 S.Ct. 1029; *Strickland*, 466 U.S. at 695–96, 104 S.Ct. 2052. In this case, there are no potentially

---

2. Petitioner has not provided an affidavit from counsel in support of his claim that he requested counsel to file a notice of appeal even though he filed reply papers after the government raised the issue of his failure of proof. The prosecutor states that, in response to her attempts to investigate petitioner's allegations, defense counsel stated that he would not discuss petitioner's contentions with the government unless ordered to do so by the court. In light of the fact that defense counsel, a highly experienced attorney with the Federal Defender's Office, is aware of these proceedings and has chosen not to file any papers, it is fair to assume that he does not have anything favorable to say on his client's behalf. Since I need not determine whether counsel's conduct was unprofessional, I did not invite counsel to respond. *Cf. Sparman v. Edwards*, 154 F.3d 51, 52 (2d Cir.1998) ("We believe that a district court facing the question of constitutional ineffectiveness of counsel should, except in highly unusual circumstances, offer the assertedly ineffective attorney an opportunity to be heard and to present evidence, in the form of live testimony, affidavits, or briefs."). Although not expressed in the brief per curiam opinion in *Sparman*, it is clear from *U.S. v. Dukes*, 727 F.2d 34 (2d Cir.1984), which *Sparman* cites, and Circuit cases after *Sparman* that the requirement of inviting a response from counsel does not apply to every one of the voluminous number of claims of ineffective assistance of counsel that come before a district judge, but only to those sufficiently serious that there is a real possibility that the claim may be upheld. Thus, in *Dukes*, the court said, "[i]n the event that counsel accused of being incompetent is not called to testify or present evidence, the district court, *before making any determination that counsel was incompetent*, should provide counsel with that opportunity." *Dukes*, 727 F.2d at 41 n. 6 (emphasis added); *see McKee v. U.S.*, 167 F.3d 103, 108 (2d Cir.1999); *Ellerby v. U.S.*, 187 F.3d 257, 260 (2d Cir.1998). In sum, I read *Sparman* to mean that only "in highly unusual circumstances" can the court *grant* an ineffective assistance of counsel claim in the absence of hearing from counsel. *See, e.g., Jackson v. Leonardo*, 162 F.3d 81, 86 (2d Cir.1998).

meritorious grounds for appeal, since petitioner, pursuant to a plea agreement negotiated on his behalf by the attorney he claims should have filed a notice of appeal, has waived his right to appeal. Here, any presumption of prejudice that arises, under *Roe*, when a violation of the right to effective assistance of counsel renders a proceeding nonexistent is overcome by the fact that, while petitioner had a statutory right to appeal, he knowingly and voluntarily waived that right. *See Roe*, 528 U.S. at 484, 120 S.Ct. 1029. The Court of Appeals for the Second Circuit has upheld the waiver of the right to appeal in a plea agreement, so long as the waiver is knowingly, voluntarily, and competently provided by defendant. *See U.S. v. Gomez–Perez*, 215 F.3d 315, 318 (2d Cir.2000). Petitioner stated at the plea proceeding that he understood he was waiving his right to appeal should he be sentenced within or below the estimated range, and petitioner has provided no evidence that this waiver was not knowingly, voluntarily, and competently provided.

In sum, counsel's failure to file a notice of appeal did not "actually cause the forfeiture of defendant's appeal" as required by *Roe* because defendant had already forfeited that right in his plea agreement. *See Roe*, 528 U.S. at 484, 120 S.Ct. 1029.

For the foregoing reasons, petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255, and the motion is denied.

A certificate of appealability is denied.

**SO ORDERED.**