**Rodney COX, Petitioner–Appellee,**

v.

**Edward R. DONNELLY, Superintendent, Wende Correctional Facility, and Eliot L. Spitzer, New York State Attorney General, Respondents–Appellants.**

No. 05–0104–PR.

United States Court of Appeals, Second Circuit.

Argued: Dec. 6, 2005.

Decided: Dec. 22, 2005.

Sharon Y. Brodt, Assistant District Attorney (John M. Castellano, Assistant District Attorney; of counsel; Richard A. Brown, District Attorney, Queens County, on the brief), Queens County, Kew Gardens, NY, for Respondents–Appellants.

Richard Joselson, The Legal Aid Society, New York, NY, for Petitioner–Appellee.

Before: KEARSE and CABRANES, Circuit Judges, and BERMAN, District Judge.*

PER CURIAM.

Respondents appeal from a December 9, 2004 judgment and order of the United States District Court for the Eastern District of New York (Jack B. Weinstein, *Judge*) granting, for a second time, a writ of habeas corpus to petitioner Rodney Cox after determining that petitioner's state trial counsel could offer no explanation for his performance warranting a refusal to grant the writ. *See Cox v. Donnelly,* 2004 WL 2786311 (E.D.N.Y. Dec. 6, 2004), 2004 U.S. Dist. LEXIS 24377; *Cox v. Donnelly,* 267 F.Supp.2d 418 (E.D.N.Y.2003).

In an earlier stage of this litigation, a panel of this Court considered the merits of petitioner's ineffective assistance of counsel claim in detail, concluding that the state courts likely applied the test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) in an "objectively unreasonable manner," but remanding to the District Court for the narrow purpose of "afford[ing] Cox's trial counsel an opportunity to explain his deficient performance as required by *Sparman v. Edwards.*" *Cox v. Donnelly,* 387 F.3d 193, 201 (2d Cir.2004) ("*Cox I*").

On remand, the District Court conducted a *Sparman* hearing, *see Sparman v. Edwards,* 154 F.3d 51, 52 (2d Cir.1998), at which Cox's trial counsel, Mark Potashnick, was given an opportunity to explain why he repeatedly failed to object to an erroneous jury instruction which impermissibly shifted to his client the burden of proving that he did not intend "the ordinary consequences of his voluntary acts." The District Court, upon reviewing the record and considering Potashnick's testimony at the *Sparman* hearing, found it "highly probable that petitioner's constitutional right to effective assistance of counsel was violated and that this violation was caused by the ignorance of petitioner's counsel." *Cox v. Donnelly,* 2004 WL 2786311, 2004 U.S. Dist. LEXIS 24377, at *10. The District Court further concluded that "a constitutional charge would probably have had an impact on the jury and the verdict." *Id.* at *11. The District Court's determination was based on its finding that "counsel had no strategic reason for repeatedly failing to object to an unconstitutional charge on the key issue of intent to kill at petitioner's criminal trial," and that "[b]y his own admission, his failure to object was due to his ignorance of the law on point." *Id.* at *6. The District Court

granted the petition for a writ of habeas corpus and ordered that "petitioner ... be released unless within sixty days the state commences prosecution or takes other action appropriate in light of [its] decision." *Id.* at \*11.

 Upon our review of Potashnick's testimony at the *Sparman* hearing, we conclude that the District Court did not err in determining that Potashnick's performance fell below prevailing standards of professional conduct and thereby failed the first prong of *Strickland.* We note in particular that Potashnick *conceded* that (1) he never made any strategic decision to forego objection to this instruction,[1] (2) he did not challenge the trial court's intent instructions because he did not then know that they were illegal under state and federal law, (3) he mistakenly believed that the trial court's instruction had been drawn from the "New York State charge book," and (4) had he been aware of the unconstitutional nature of the instruction, he would have lodged an objection to it.

 On appeal of the District Court's post-remand disposition, respondents urge us to revisit its earlier conclusions on the merits of Cox's *Strickland* claims—namely, that (1) Cox's counsel's "failure to object to [an] unconstitutional [jury] instruction led to representation that fell below the prevailing norms of the legal profession and that his performance was objectively unreasonable," and (2) "counsel's inaction substantially prejudiced Cox's rights and impacted the outcome of his trial." *Cox I,* 387 F.3d at 199–200. Because "a court of appeals must ... adhere to its own decision at an earlier stage of the litigation," *United States v. Tenzer,* 213 F.3d 34, 39 (2d Cir.2000), absent "cogent or compelling reasons [such as] an intervening change of controlling law, the availability of new evidence, or the need to

correct a clear error or prevent manifest injustice," *Doe v. New York City Dep't of Social Servs.,* 709 F.2d 782, 789 (2d Cir. 1983), and because, with the exception of Potashnick's testimony, the record remains unchanged since our last consideration of petitioner's *Strickland* claims, we decline respondents' invitation to revisit or revise our earlier holding.

Although our decision in *Sparman v. Edwards,* 154 F.3d 51, 52 (2d Cir.1998)— which directs "district court[s] facing the question of constitutional ineffectiveness of counsel ... except in highly unusual circumstances [to] offer the assertedly ineffective attorney an opportunity to be heard and to present evidence, in the form of live testimony, affidavits, or briefs"—might, in appropriate circumstances, permit a more wide ranging inquiry of trial counsel reaching questions of prejudice, as well as performance, the District Court in the instant case was instructed to conduct a *Sparman* hearing limited to the question of whether counsel's performance was so objectively deficient within the meaning of *Strickland* that the state courts' rejection of Cox's claim " 'involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States.' " *Cox I,* 387 F.3d at 201 (quoting 28 U.S.C. § 2254(d)(1)). Having concluded that it was, and in light of our earlier holdings in *Cox I,* we need go no further.

## Conclusion

Substantially for the reasons stated in *Cox I,* and in light of counsel's testimony in the *Sparman* proceeding, *see Sparman v. Edwards,* 154 F.3d 51 (2d Cir.1998), we

---

1. We further note that, at oral argument, counsel for respondent conceded that Potash-nick had no strategic motivation for failing to object to the jury instruction at issue.

hold that the District Court properly granted a writ of habeas corpus.

\* \* \* \* \* \*

The judgment of the District Court is AFFIRMED. The petitioner shall be released unless the state commences prosecution within ninety days of the issuance of the mandate in this case.