Michael JONES, Petitioner,

v.

**Edward DONNELLY, Superintendent of Wende Correctional Facility, Respondent.**

No. 03 Civ. 396(VM).

United States District Court, S.D. New York.

May 9, 2007.

Michael Jones, Napanoch, NY, Pro se.

Tae-Hoon Charles Won, District Attorney's Office, Bronx, NY, for Respondent.

## DECISION AND ORDER

MARRERO, District Judge.

On June 8, 2006 petitioner Michael Jones ("Jones") filed an amended petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. By Order dated March 28, 2007 (the "Short Order"), the Court dismissed Jones's petition. In a Decision and Order dated April 9, 2007, *See Jones v. Donnelly,* 487 F.Supp.2d 403 (S.D.N.Y.2007) (the "Decision and Order"), the Court set forth the findings, reasoning and conclusions supporting dismissal of Jones's petition.

Jones moved for reconsideration of the Court's Short Order prior to the Court's issuance of its subsequent Decision and Order. Jones's motion for reconsideration consisted of his previously filed Reply Memorandum of Law, dated February 27, 2007 (the "Reply Brief"). In a further letter to the Court, subsequent to the Court's issuance of the Decision and Order, Jones requests that the Court "take his reconsideration motion to include the April 9th Order." (Letter to the Court from Michael Jones, dated April 18, 2007 (the "April 18 Letter").))

In his April 18 Letter, Jones cites two arguments from his Reply Brief which he contends the Court's Decision and Order ignored. Jones's is correct that the Decision and Order did not address these two specific arguments. However, the Court finds both arguments without merit and thus, for the reasons set forth below, Jones's motion for reconsideration is DENIED.

## I. STANDARD OF REVIEW

Reconsideration of a judicial order pursuant to Rule 6.3 is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Management Sys. Inc. Sec. Litig.,* 113 F.Supp.2d 613, 614 (S.D.N.Y.2000) (citations and quotation omitted). Pursuant to Rule 6.3, the moving party must demonstrate controlling law or factual matters put before the court on the underlying motion that the court overlooked and that might reasonably be expected to alter the court's decision. *See Lichtenberg v. Besicorp Group Inc.,* 28 Fed.Appx. 73, 74 (2d Cir.2002); *SEC v. Ashbury Capital Partners, L.P.,* No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (*citing AT & T Corp. v. Comty. Network Servs., Inc.,* No. 00 Civ. 316, 2000 WL 1174992, at *1 (S.D.N.Y. Aug. 18, 2000)). A court must narrowly construe and strictly apply Rule 6.3 so as to avoid duplicative rulings on previously considered issues and to prevent the rule from being used as a substitute for appealing a final judgment. *See Shamis v. Ambassador Factors Corp.,* 187 F.R.D. 148, 150 (S.D.N.Y.1999); *In re Houbigant, Inc.,* 914 F.Supp. 997, 1001 (S.D.N.Y.1996).

## II. DISCUSSION

Jones first argues that the Court should not have dismissed his claim of

ineffective assistance of appellate counsel because his *corum nobis* motion was denied by the state court without obtaining an affidavit from appellate counsel and this Court denied his claim without holding a *Sparman* hearing. *See Sparman v. Edwards*, 154 F.3d 51, 52 (2d Cir.1998) ("We believe that a district court facing the question of constitutional ineffectiveness of counsel should, except in highly unusual circumstances, offer the assertedly ineffective attorney an opportunity to be heard and to present evidence, in the form of live testimony, affidavits, or briefs.").

Simply asserting an ineffective assistance of counsel claim, however, does not entitle one to a *Sparman* hearing. The "requirement of inviting a response from counsel does not apply to every one of the voluminous number of claims of ineffective assistance of counsel that come before a district judge, but only to those sufficiently serious that there is a real possibility that the claim may be upheld." *Jolaoso v. United States*, 142 F.Supp.2d 306, 308 n. 2 (E.D.N.Y.2001); *see also Rodriguez v. People of the State of New York*, No. 01 Cv. 9374, 2002 WL 31251007, at *2 n. 2 (S.D.N.Y. Oct. 8, 2002) ("*Sparman* merely stands for the proposition that only in highly unusual circumstances can the court *grant* an ineffective assistance of counsel claim in the absence of hearing from counsel.") (citations omitted) (emphasis in original).

Here, this Court did not find Jones's assertions of ineffective assistance of counsel sufficiently serious to warrant a *Sparman* hearing. *See Jones*, at 417, 2007 WL 1074715 at *12 (concluding that Jones had "failed to show that appellate counsel's representation was fundamentally defective," and that there was not a reasonable probability the outcome would have been different if appellate counsel had raised the issue Jones argued should have been raised); *id.* at 413, 2007 WL 1074715, *8 ("[T]he claims Jones asserts that appellate counsel should have raised are insubstantial and clearly weaker than the arguments appellate counsel chose to highlight on direct appeal."). As the Court found Jones's assertions of ineffective assistance to be insubstantial, the Court correctly did not require testimony from appellate counsel.

The other argument Jones makes on reconsideration is that the Court did not address "discovery on the miscarriage of justice defense espoused on the justification claim held procedurally barred by the trial court on Petitioner's § 440 motion." (April 18 Letter.) The Court presumes Jones is referring to his request in a footnote of his Reply Brief that he be granted discovery with respect to the criminal history of his victim, Rodriguez. (*See* Reply Brief, p. 3 n. 3 ("Petitioner requests this Court grant discovery pursuant to habeas corpus rule 6 for the respondent to turn over the criminal history (rap sheet) of Mr. Rodriguez."))

One of Jones's claims before this Court was that the prosecution failed to disprove his justification defense. *See Jones*, at 413, 2007 WL 1074715 at *8. Jones appears to argue that he should be granted discovery with respect to Rodriguez's criminal history in order to demonstrate that he was justified in believing Rodriguez was likely armed and dangerous at the time Jones shot him.

Jones is not entitled to any such discovery. First, the Court held that to because this claim was raised in Jones's motion to vacate in state court (the " § 440 Motion") and found procedurally barred, habeas review of this claim by this Court **was precluded.** *See Id.* at 411–12, 2007 WL 1074715, *6.

Jones also asserted that appellate counsel's failure to raise this issue on appeal

constituted ineffective assistance. The Court noted, however, that the prosecution presented three eyewitnesses indicating that Rodriguez was not reaching for a gun and that no gun was found on him. *See Id.* at 413–14, 2007 WL 1074715, *8. Thus, the Court concluded that "a reasonable trier of fact could certainly conclude that the shooting was unjustified." *Id.* Even if Jones were granted discovery with respect to Rodriguez's criminal history, and even if it revealed an extensive criminal history, *because* "Rodriguez was not making imminent threats of deadly physical danger to either Jones or Jones's mother or brother when Jones began firing," *id.,* it would not change the Court's conclusion in its Decision and Order. Jones would not be able to demonstrate that his claim that the prosecution failed to disprove his justification defense would have succeeded on appeal if raised by appellate counsel. Thus, this claim did not support a finding of ineffective assistance of appellate counsel and was correctly dismissed.

As Jones has failed to set forth any controlling law or factual matters that the Court overlooked in its Decision and Order, his motion for reconsideration is denied.

### III.  ORDER

Accordingly, it is hereby

**ORDERED** that petitioner's motion for reconsideration (Docket No. 33) is hereby denied.

The Clerk of the Court is directed to close this case.

**SO ORDERED.**